Garrett, Adm'r, v. Ricketts, et al.

at the same time with the bond due to High & Travis, to alter and control it. This cannot be done. [McNair v. Cooper 4 Ala. Rep. 660; 1 Ib. 42.]

---

GARRETT, Adm'r of Gunter, v. RICKETTS, et al.

1. A decree *pro confesso*, against a defendant, for failing to appear, is not evidence as an admission of the allegations of the bill, if the bill is afterwards dismissed.
2. A record of the county court, cannot be proved by the transcript of the record of a chancery suit, in which the record of the county court is an exhibit, as that is but the copy of a copy.

3. The absence of the licensee of a ferry from the State, is no sufficient reason for revoking the license; nor can the license in such case be revoked for the insufficiency of the bond, without ten days notice to execute a sufficient bond. Such a bond may as well be exacted from the heir, alienee, or lessee of the ferry, as from the licensee.

Error to the Circuit Court of Marshall.

DEBT, by the plaintiff in error, against the defendants in error, on a bond executed by them to the plaintiff's intestate.

Upon the trial, as appears from a bill of exceptions, it was proved, that the bond sued on was given for the rent of a ferry at Gunter's Landing, for the year 1840, and that they had the use and benefit of the ferry, until some time in the month of April, 1840, when they were restrained from the use and benefit of it, by an injunction from the Chancery Court at Huntsville, in a suit there instituted by John S. Boggess and Richard S. Randells, against Gunter and the defendants in error, as his lessees of the ferry; a transcript of which, with the certificate of the Register, the defendants offered to read in evidence to the jury, and were permitted by the court to do so, against the objection of the plaintiff, and to which he excepted.

From the transcript of the Chancery suit, which is sent up with this record, it appears, that the complainants claimed the ferry as their property—that Gunter was a Cherokee Indian, and had removed with his tribe to Arkansas, and for more than three years before the 1st January, 1840, had failed to give the bond required by law. They also alledged, that the license granted to Gunter had been revoked, and that they had obtained a license from the commissioners court of Marshall county, on the 3d February, 1840, and had executed the necessary bond; and append to the bill as an exhibit, a transcript of the commissioners' court duly certified, showing these facts. At a subsequent term, a decree *pro confesso* was entered against Gunter as a non-resident, he having failed to appear and answer the bill.

Subsequently the bill was dismissed by the complainants without prejudice.

Garrett, Adm'r, v. Ricketts, et al.

The plaintiff moved the court to instruct the jury, that as Gunter had not personal notice of the suit in Chancery against him, given him by the present defendants, and no diligence proved by them to do so, the plaintiff was not precluded by the record in Chancery. But the court decided, that the pendency of the Chancery suit was sufficient notice, and that a personal notice to Gunter was not necessary; and refused the motion, to which the plaintiff excepted.

The court further instructed the jury, that the failure of Gunter to renew his bond, could be given as evidence, although neither he or his agent had notice to do so; to which the plaintiff excepted.

These matters were all opened by the assignments of error.

S. PARSONS, for plaintiff in error. The court clearly erred in permitting the entire transcript from the Chancery Court as evidence. The exhibit to the bill, showing the revocation of Gunter's license, as permitted to be proved by the transcript, was but the copy of a copy. Although a decree *pro confesso*, was taken against Gunter, yet when the bill was dismissed, the decree lost its force. The transcript therefore only proved the fact, that such a bill was filed, and injunction issued. It neither established nor took away any right.

The exhibit from the commissioners' court, does not show that Gunter had notice that a new bond was required; the act of the commissioners' court was therefore void. [1 Pirtle's Dig. 445, 8.]

The title of Boggess and Randell, originated after the lease was made. A general covenant for quiet enjoyment, does not extend to an eviction by a wrong doer, nor to an eviction that originated after the lease; not even if granted by the public authorities. [6 Mass. 246; 2 Hill's N. Y. 111.]

JAMES ROBINSON, contra. Gunter was a party to the suit, and a non-resident, the decree *pro confesso*, was therefore proof of all the allegations of the bill as to him. The decree in such a case, has therefore the same effect, as actual notice by service of subpœna.

The language of the court, that the failure of Gunter to give his bond, might be given in evidence, is not entirely explicit. If the court intended to say, that by failing to give his bond after three years, he forfeited his right, it was strictly correct. [Aik. Dig. 2 ed. 642.] The record shows, that the commissioners court of Marshall county did vacate the license for this cause.

The act, (Clay's Dig. 513, § 26,) authorizing the Court at any time, on ten days notice, to require a new bond, does not repeal the former law. It was only intended for greater security to the public, as it often happens, that the securities to these bonds fail before the expiration of three years.

A party complaining of error, must show it affirmatively, as all reasonable presumptions must be made in favor of the judgment.

ORMOND, J.—The decree of a Court of Chancery, is certainly conclusive as between the parties to it, of all the facts put in issue. But in this case, there was no final decree made by the Chancellor, upon the case made by the bill. The decree *pro confesso* against Gunter, was interlocutory merely, subject to the future action of the court—to be set aside if the party appeared and answered, or confirmed by the final decree. The bill being dismissed, the interlocutory decree can have no effect as an admission of facts, alledged in the bill. The transcript of the record, therefore, of the Chancery cause, was evidence merely that such a bill had been exhibited, injunction awarded, &c. For what purpose it was introduced, or for what reason objected to, the record affords no information, we are not therefore able to say, whether the court erred or not, in refusing to exclude it.

From the argument of counsel, it would seem, that the objection was to the reading to the jury, as evidence, an exhibit to the bill, purporting to be a transcript of the commissioners' court of Marshall county, by which that court revoked a license previously granted to Gunter, to establish a ferry. It is very clear, that the act of the commissioners' court could not be established by the transcript of the record of the Chancery suit, in which it was an exhibit; it was in fact merely a copy of the transcript of the record in the commissioners'

court. No question however is made, as to the propriety of this exhibit as evidence, nor are we able to say from the record, that it was relied on as evidence. And as the record of the Chancery suit between the same parties, might have been evidence for some purposes, we cannot say that the court erred in refusing to exclude it.

The instruction of the court to the jury, raises the question, whether a license to establish a ferry, can be revoked, without notice to the licensee to renew his bond.

The grant of a license to establish a ferry, is an incorporeal hereditament, subject to be revoked if a sufficient bond is not executed, within ten days after such requisition is made. [Lewis y. The Intendant of Gainsville, 7 Ala. Rep. 85.] It is now insisted, that the act of 1834, (Aik. Dig. 2 ed. 642, § 7,) is still in force, By that act, the Judge of the County Court is authorized to revoke a license for a ferry, if the bond is not renewed every three years, and to grant a license to any one who will apply for the same. In 1839, (Clay's Dig. 513, § 26,) an act was passed which was evidently intended to supersede the former law on this subject, as it goes fully into detail, and embraces most of the provisions contained in the former acts, with some new modifications. It was considered by the compiler of Clay's Digest, as consolidating and repealing the former acts, and such was the opinion of this court in the case cited from 7 Ala. Rep. 85. If then, it were conceded, that the Judge of the County Court, under the act of 1834, could revoke a license to establish a ferry, without notice to the licensee to execute a new bond, ten days notice is expressly required by the act of 1839.

The reason assigned by the commissioners' court, for the revocation of Gunter's license, as appears from the exhibit to the Chancery suit, is, that " Gunter has left the State without renewing his bond, as by law required," &c. As the grant of a license to establish a ferry is an incorporeal hereditament, it is the subject of transfer by sale, and would descend to the heir of the licensee ; it results therefore necessarily, that the absence from the State of the original grantee of the ferry, would be no sufficient reason for revoking the license. The franchise might doubtless be lost by abandon-

ment, or forfeited by a refusal to execute a new bond when demanded by the County Court, and such bond, as is said in the case previously referred to, "might as well be exacted from the heir, alienee, or lessee, of the ferry, as from the licensee." [7 Ala. Rep. 89.] From these views, it follows, that the court erred in its charge, that the license might be revoked, without notice to renew the bond.

What influence, if any, the injunction was calculated to exert on the right of Gunter's representative, to demand the rent of the ferry, whilst the injunction was in force, is a point not made in the court below ; and although adverted to in argument, as it is not made upon the record, we decline expressing any opinion upon it.

Let the judgment be reversed and the cause remanded.