## LAMAR vs. THE COMMISSIONERS' COURT OF MARSHALL COUNTY.

1. Any judgment or decree of any court, which shows upon its face a want of jurisdiction, either of the subject-matter or of the parties, is not merely voidable, but void.

2. The Commissioners' Court of Roads and Revenue in this State is a court of limited jurisdiction; and its proceedings, like those of all courts of limited jurisdiction, must show upon their face sufficient to support its jurisdiction, or its judgments are not merely voidable, but void.

3. The only case in which the Commissioners' Court has power to revoke a ferry license, is that given by the statute, (Clay's Digest, 513, § 26,) where the grantee fails to renew his bond, after receiving ten days' notice to do so; and the proceedings must show this notice, before the jurisdiction of the court begins. But it has no power to take a ferry from one who is in the enjoyment of it, and grant it to another, upon the petition of the latter showing a vested right in himself to the franchise.

4. *It seems*, that the petitioner's remedy, in such case, is, a proceeding in the na-

ture of a *quo warranto*, before the tribunal having jurisdiction of the subject-matter.

5. *Mandamus*, when directed to an inferior tribunal, is a writ which seeks to compel action; but it does not point out to that court how it shall act in a matter over which it has a discretionary power of decision. *Certiorari*, on the other hand, is a writ revisatory in its nature, and is issued for the purpose of enabling the superior court to correct the erroneous action of the inferior.

ERROR to the Circuit Court of Marshall.
Tried before the Hon. GEO. D. SHORTRIDGE.

James Lamar, the plaintiff in error, petitioned the Circuit Court for a *certiorari* to revise certain proceedings had before the Commissioners' Court of Marshall county, in the rejection of his petition seeking to be recognized as the owner and proprietor of the ferry at Gunter's Landing, and to be let in. to the enjoyment of the franchise, on filing his bond, according to the statute in such case made and provided.

In his petition to the said Commissioners' Court, the petitioner sets out his claim, as being founded on a grant of the franchise to Edward Gunter, by the Commissioners' Court of Jackson county, within which county Gunter's Landing was then included. When Marshall county was established this landing fell within its borders. This grant to Edward Gunter was made on the third Monday in July, A. D. 1820. The petitioner alleges, that said Gunter went into the enjoyment of this franchise soon after the grant was made, renewed his bond from time to time before the said Commissioners' Court, and had the rates of ferriage established; that he continued in the enjoyment of said franchise until the year 1840, when he was restrained from the further enjoyment of it, by an injunction issued from the Court of Chancery, at the instance of Boggess & Randles, in a suit instituted in said Chancery Court, wherein said Boggess & Randles were complainants, and said Gunter and others were defendants. This suit was continued until some time in the year 1845, when it was voluntarily dismissed by the complainants. The petitioner propounds his title to the court, by which it appears that he is the owner in fee of the lands owned by said Gunter on the banks of the river at the ferry, claiming them by purchase from said Gunter.

The petitioner's application was resisted before the Com-

missioners' Court by James M. Gee, who was then in the oc-
cupation and enjoyment of the ferry franchise, and at his
instance Lamar's petition was rejected. To revise this action
of the Commissioners' Court, Lamar sued out the *certiorari* in
this case, returnable to the Circuit Court; and in the record
sent up to that court, the following facts appear:

That license to keep the said ferry was granted to Gunter,
as alleged in the petition, and that his bond was renewed,
and the rates of ferriage regulated, from time to time up to
1835–6; that in August, 1838, a license was granted to the
said Boggess & Randles, to run a ferry boat from the south
side of the Tennessee river at the same place, and they filed
their bond according to the statute; that, on the first Monday
in February, 1840, an order was made by said Commissioners'
Court, revoking the license of said Gunter; but no reason is
assigned for this action of the court, except that it is done on
the petition of said Boggess & Randles, to whom the same
order grants the exclusive privilege of keeping the ferry;
and they then file a new bond. The record does not show
that Gunter was notified of any proceedings against him,
prior to the making of this order, or that he was required to
do anything on pain of forfeiting his license.

The record further shows, that Gunter appeared before the
court, the day after the last named order was made, and by
his attorney moved the court to rescind said order, revoking
his license; and that he tendered a bond, with good security,
according to the statute, which he prayed the court to receive.
This motion appears to have been made, and the bond ten-
dered, on the third of February, 1840. The language of the
court, in overruling the motion, is as follows: "This motion
is overruled; first, on the ground that no bond has been given
by Edward Gunter, or his agent, for keeping up said ferry;
second, that no application has been made to the Court of
Commissioners of Roads and Revenue, to grant to said Gun-
ter a license to keep a public ferry at Gunter's Landing, ac-
cording to the statute in such case made and provided."

It also appears, that, on the first Monday in February, 1845,
James M. Gee applied to the said Commissioners' Court, for
a license to keep a ferry at the same place; whereupon an
order was made, revoking the license of Boggess & Randles,

and granting license to said Gee, who filed his bond, according to the statute; but no reasons are given for the revocation and grant.

It further appears, that, on the first Monday in May, 1846, Smith, Lamar and others filed a petition in said court, praying a license to keep said ferry, and founding their right on the original grant to Edward Gunter. Their petition shows to the court, that they are the owners of the land owned by said Gunter, to which this franchise is attached as appurtenant; and they claim to have acquired the franchise, by reason of their having acquired the land from Gunter. Boggess & Randles and said Gee appeared before the court, and contested this application, and the petition was rejected.

It further appears, that, on the first Monday in February, 1848, Lamar, the present plaintiff in error, filed another petition, in his own name, praying a license to keep said ferry, and showing that he is the sole owner of the land to which he claims the said license granted to Gunter has become appurtenant. Gee again appeared, and contested this application; and a trial was had between them, on the first Monday in May, 1848, of which the following entry appears in the record:

"James Lamar, ⎫ In the matter of the petition of the plain-
v. ⎬ tiff for renewing the bond as ferryman at
James M. Gee. ⎭ Gunter's Landing, in his right by the purchase of Gunter's reservation: After hearing the evidence of the parties, and the attorneys on each side, and due consideration had thereon, it is ordered by the court, that said application be rejected." A bill of exceptions was taken on this trial, and by it the proof seems to have been voluminous.

On the nineteenth of August, 1850, the plaintiff in error filed another petition, alleging substantially the same facts as to his right to the franchise, and setting them out more fully and particularly. When this petition was filed, Gee again made himself a party, and contested Lamar's right to the ferry. A trial was again had between them; Lamar's petition was again dismissed, and he took a bill of exceptions, which sets out all the facts above stated.

The record contains a statement of many other facts, which are not deemed essential to a correct understanding of the

opinion of the court, and which are therefore omitted. The Circuit Court dismissed the *certiorari*, on the ground that it was not the proper remedy; intimating at the same time, that if the plaintiff had any rights, the proper mode in which to bring the case before that court was, a rule for a *mandamus*.

C. C. CLAY, Jr., for plaintiff in error.
BRICKELL & CABANISS, *contra*.

GIBBONS, J.—It is essential to the validity of all judgments or decrees, that they should be rendered by tribunals possessing the proper jurisdiction. The elements of this jurisdiction are two-fold: first, of the subject-matter adjudged; and secondly, of the parties whose rights are affected by such judgment or decree. The former of these the court acquires by the act of its creation, and possesses inherently by its constitution; the latter it acquires by its own acts, through the medium of its process and its officers. Any judgment or decree of any court, which shows upon its face a want of jurisdiction, either of the subject-matter or of the parties, is not merely voidable, but void.

Again; courts of limited jurisdiction must show, upon the face of their proceedings, sufficient to support their jurisdiction, or the same results will be visited upon their judgments or decrees. The Commissioners' Court of Roads and Revenue in the State of Alabama, is a court of limited jurisdiction. Its powers are confined to a small class of subjects; its boundaries are fixed and defined by the statute; and these it has no power to transcend. If it does so, its judgments are not merely voidable, but void.

Let us apply these principles to the action of this court, in the establishment of a ferry. It has the power expressly given to it to establish ferries, but the statute also defines how it shall act in such cases; and the court, in order to support its jurisdiction, must pursue the directions of the statute, or its acts will be nullities.

Again; this court has the power, in a given case, to revoke a ferry license; but in proceeding to exercise this power, its proceedings must show, upon their face, that the court acts upon the precise case made by the statute, and in the mode

provided by the statute, or its judgment will be of no avail. Applying this principle directly to the case at bar: The record shows, that the Commissioners' Court of Marshall county revoked the license of Gunter on a certain day. This court certainly had jurisdiction of the subject-matter, if the case made by the statute giving it this jurisdiction was before it; otherwise, it had no power to act in the premises. The proceedings of the court must show, upon their face, that it acted upon the case made by the statute. The only case given by the statute, in which this court has the power to revoke a ferry license, is that found in Clay's Digest, 513, § 26, where the licensee fails to renew his bond, after receiving ten days notice to do so. This notice is the very essence of the jurisdiction of the court; and without it, its judgment is absolutely void. The proceedings of the court must show this notice, before its jurisdiction begins. This view which we have taken disposes of the judgment or decree of the Commissioners' Court, revoking the license of Gunter. These proceedings, as shown by the record before us, do not show that Gunter was notified or required to renew his bond; and until this fact is made to appear, upon the face of the proceedings, the judgment must be held to be void. Garrett, Adm'r. v. Ricketts et al., 9 Ala. 529.

If the views which we have above expressed are correct, they also dispose of this entire case at this point. The record shows, that Lamar, the plaintiff in error, filed a petition in the Commissioners' Court of Marshall county, showing a vested right in himself to a franchise, and prayed that court to grant him the power to exercise that franchise, to which he was entitled, and of which another had deprived him. He might as well have gone into that court with a writ of ejectment, or of trespass to try titles. The court to which he addressed his petition, had no power to grant him the relief which he prayed, for the reason that it had not jurisdiction of the subject-matter. That court had the power to establish a ferry, and grant a license to a person to keep it, in a case made by the statute; but it had no power to take a ferry from one man, and give it to another. As above stated, it may revoke a license in the case provided by the statute, but in any other case it is utterly powerless to act.

50

The petition on its face shows the entire want of jurisdiction of the Commissioners' Court over the subject-matter, upon which it is called on to act. It is not the establishment of a ferry that is sought; but that one who is in the enjoyment of the franchise belonging to the petitioner should be ousted, and the petitioner be restored to his rights. He shows that he is the owner of the land to which this franchise became appurtenant while in the possession of Gunter; that the grant of the franchise to Gunter was a valid grant, and that it has never been legally revoked or annulled. He further sets out the manner in which he derives his title to the property, and seeks to stand in Gunter's shoes in respect to this right, which he claims to be appurtenant to the soil. This right is denied by Gee, the person in the enjoyment of the franchise; and the Commissioners' Court thereupon tries the issue between them. It may well be asked, where this court obtained the power to try an issue of this character. Certainly not from the statutes creating it, nor from any acts that we are aware of enlarging its jurisdiction.

We cannot distinguish the case made by the petition of the plaintiff, from that of any other proprietor of a franchise, who is interrupted in the enjoyment of his right by an intruder or a usurper. The usual remedy in such cases is, a proceeding in the nature of a *quo warranto*, before the tribunals having jurisdiction of the subject-matter. In that form of proceeding, the petitioner can obtain his rights, if he has any; but, as the case now stands before us, we can only say, that the whole proceedings, from the filing of the plaintiff's petition to the final judgment, are null and void.

The court below dismissed the *certiorari*, on the ground that the plaintiff had proceeded by *certiorari* to bring the case from the Commissioners' Court to the Circuit Court, instead of proceeding by *mandamus*. In this opinion the Circuit Court was doubtless in error; because, if the Commissioners' Court had passed judgment upon a matter within its jurisdiction, its proceedings could only be revised by *certiorari*. *Mandamus*, when directed to inferior tribunals, is a writ which seeks to compel action; but it does not point out, in a matter over which the inferior court has a discretionary power of decision, how that court shall act. *Certiorari*, on the other

hand, is a writ revisatory in its nature, and is issued for the purpose of enabling the superior court to correct the erroneous action of the inferior.

It follows from what we have said, that the Circuit Court decided correctly in dismissing the *certiorari*, but for a wrong reason; and its judgment is consequently affirmed.