APPLING, Judge of Probate, *vs.* BAILEY, Assignee.

44  333
142  117

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *Mandamus ; when lies.*—*Mandamus* lies from a superior to an inferior court to compel action, but will never direct how it shall act or control its discretion. Where a court has acted, its action can only be revised by the superior court, on appeal or *certiorari*.

2. *Certiorari ; when lies.*—As no appeal is provided by law from the action of the probate court, overruling a motion to make the assignee in bank-

ruptcy of a removed executor a party to the final settlement of his accounts, and to render a decree in favor of the assignee for the amount due the bankrupt by the estate, a writ of *certiorari* and not *mandamus* is the remedy to revise such action.

3. *Probate court; what jurisdiction has.*—The probate court has jurisdiction to make the assignee in bankruptcy of an executor, who has been removed, a party to the proceedings on the final settlement of the executor's accounts, and to render a decree in his favor for any balance that may be found due to the executor from the estate.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

On the 8th of December, 1868, Hardy W. · B. Price, as executor removed of the will of Henry C. Tyson, was to settle his accounts with the estate of said Tyson in the probate court.

Price had been previously adjudged a bankrupt, on his own petition, under the bankrupt law of the United States, approved March 2d, 1867. The administrator *de bonis non* claimed nothing of him. In respect to a demand which Price claimed against the estate of his testator, the cause was continued, and notice issued to John F. Bailey, his assignee, to come into court and make himself a party instead of Price.

On the 15th of February, 1869, to which time the cause was continued, Bailey appeared and propounded his interest, claiming that the estate of Tyson owed Price about $8,000, and moved the court to ascertain the amount, and decree it in his favor as assignee. The administrator *de bonis non* objected to his being made a party to the settlement. After argument, and consideration of the matter, the court decided that it was not within its jurisdiction to render a decree in favor of Bailey, and for this reason refused to make him a party to the proceeding. Bailey then applied to the circuit court for a rule *nisi* to the probate court, to show cause why a *mandamus* should not issue to compel it to make him a party. On the answer of the judge the rule was made absolute, and hence this appeal.

W. C. OATES, for appellant.

JAMES L. PUGH, *contra*.

B. F. SAFFOLD, J.—*Mandamus* lies from a superior to an inferior court to compel action, but will never direct how it shall act, or control its discretion. Where a court does act, such action can only be revised by the superior court on appeal or *certiorari.*—*Life and Fire Insurance Company of New York v. Wilson,* 8 Peters, 291 ; *Lamar v. Commissioners Court,* 21 Ala. 772. In this case there was no refusal of the court to act. It issued notice to the assignee to appear, and on his appearance, after full hearing and examination, adjudged that he had not the right to be made a party. As no appeal in such a case is provided by our law, a *certiorari* was the remedy.

The interest of the parties requires us to decide the important question involved. By the 14th and 16th sections of the bankrupt law, the assignee was invested with all the assets of the bankrupt, with the right to recover them by suit in law or equity. The trust property held by the bankrupt did not pass to him, but any debt due from the estate to him, not liquidated, was transferred. As the executor had been removed and called to account, and claimed the demand of $8,000, no judgment could be rendered in his favor on account of his bankruptcy. The assignee was entitled to recover it in some way. What hindered him from doing so in the probate court ? The bankrupt law substituted the assignee to all the rights of the bankrupt which could be made available in the payment of his debts. The probate court, under the constitution of 1867, is one of general jurisdiction in all matters of granting letters testamentary and of administration, and of orphan's business, and contracts for labor. The question for its decision was whether in a proceeding of which it had rightful jurisdiction it would, on motion, allow a party, *civiliter mortuus* as far as that proceeding was concerned, to be substituted by one who had succeeded by operation of law to all of his rights. We see no objection to it. The bankrupt law itself is sufficient authority for such action.—*Ex parte Gist,* 26 Ala. 156. If a distributee of an estate should become bankrupt, before distribu-

tion, his interest would pass to his assignee, and it would be competent for the probate court to render a decree in favor of the assignee for such share.—*Graham et al. v. Abercrombie et al.*, 8 Ala. 552. Why not in the case of a removed executor? So far as the estate of Tyson has claims against the removed executor, they may be asserted against him as fiduciary. So far as he has claims against the estate, beyond his liability to it, they may be asserted in the probate court by his assignee.

The judgment is reversed and the cause is not remanded.