# EX PARTE THORNTON.

[APPLICATION FOR MANDAMUS TO COMPEL REINSTATEMENT OF A CROSS-BILL, WHICH WAS DISMISSED BEFORE THE FINAL DETERMINATION OF THE CAUSE.]

1. *Revised Code, §§ 3367-8 ; what requires as to cross-bill allowed by.*—The statute of this State, which allows an answer to a bill in chancery to be turned into a cross-bill, requires that such cross-bill shall be heard at the same time as the original bill, whether the same be heard upon demurrer or upon the merits.—Revised Code, §§ 3367-69.

2. *Mandamus ; proper remedy to compel reinstatement of cross-bill dismissed before final determination of cause.*—And as no appeal lies from an order of the chancellor dismissing such cross-bill, before the final determination of the cause, *mandamus* is a proper remedy to compel the setting aside of such an order of dismissal and the restoration of such cross-bill upon the docket, to abide the final determination of the whole cause.

This was an application for *mandamus*, based upon a state of facts which are fully set forth in the opinion,

M. J. TURNLEY, *pro motion.*
FOSTER & FORNEY, *contra.*

PETERS, J.—This is an application by Robert S. Thornton for a rule to be directed to the honorable chancellor of the eastern chancery division of this State, sitting for the county of Cherokee, to show cause why a peremptory *mandamus* shall not be issued against him in order to compel him to reinstate on the docket of the chancery court of said county of Cherokee a certain cross-bill filed by said Robert S. Thornton on the 23d day of November, 1870, to the original bill of complaint of Mary A. Kyle, by her next friend Robert B. Kyle, complainant, against said Robert S. Thornton and Nat. M. Thornton, as the administrators of the estate of Ann C. E. Thornton, deceased, defendants, filed on the 14th day of September, 1870, in said chancery court of said county of Cherokee, which said cross-bill was dismissed out of said court on the third day of February in the year 1871, on demurrer, by order of the learned chancellor of said court.

The allegations of the petition for *mandamus* show that Mary A. Kyle, by her next friend Robert B. Kyle, filed her bill of complaint in the chancery court of Cherokee county in this State, on the 14th day of September, 1870, against Robert S. Thornton and Nat. Macon Thornton, as the administrators of the estate of Ann C. E. Thornton, deceased, and on the 23d day of November, 1870, said Robert S. Thornton filed his answer to said bill of complaint, and therein, by way of cross-bill, prayed relief against said complainant for certain causes connected with or growing out of the subject matter of said original bill, as in said cross-bill is shown and set forth, as allowed by law. To which said cross-bill, by way of answer thereto, the said complainant in said original bill demurred for want of equity. This demurrer was heard on the 3d day of February, 1871, before the final determination of said cause, and the same was sustained, and said cross-bill was dismissed out of said court, and the said Robert S. Thornton was taxed with the costs of said cross-bill.

The Revised Code declares that, "the defendant may obtain relief against the complainant for any cause connected with or growing out of the subject-matter of the

bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed, and require the complainant to answer the same upon oath."—Rev. Code, § 3367. And that, "the matter thus put in issue must be considered in the nature of a cross-bill and be heard at the same time as the original bill."—Rev. Code, § 3368. The language of this statute is general and peremptory, and it does not permit that the cross-bill shall be heard, whether upon demurrer or upon the merits, earlier than the hearing of the original bill. This statute creates a new rule as to the hearing of demurrers to cross-bills, else the hearing of the cross-bill may be improperly defeated. The 69th rule of chancery practice does not apply to such a case.—Rev. Code, p. 833, rule 69. The purpose of the statute is to keep the cross-bill in court until the original bill is heard. The learned chancellor, therefore, mistook the proper practice in dismissing the cross-bill before the hearing of the original bill. There is no appeal in such a case. *Thornton v. Kyle*, at the present term, 24 Ala. 163. It is the right of the party filing a cross-bill by way of answer, to have the cross-bill heard at the same time as the original bill. This right cannot be enforced except by writ of *mandamus*. Therefore, let the rule issue according to the prayer of the petitioner's application, requiring the honorable chancellor of the eastern chancery division of the State of Alabama to set aside said order of dismissal of said cross-bill, and to reinstate and restore said cross-bill to the docket in said court, or appear at first day of the next term of this court and show cause why he has not done the same, and why a peremptory *mandamus* shall not issue, &c.