# *Ex parte* Woodruff.

*Application for Mandamus.*

|123 | 99|
|f129 | 406|

|123 | 99|
|130 | 184|
|130 | 200|

|123 | 99|
|133 | 214|

|123 | 99|
|142 | 119|

1. *Mandamus; when issued.*—A writ of *mandamus*, upon proper showing, will be issued to compel, but not to control or correct, judicial action; and, therefore, *mandamus* will not lie to control the judicial action of an inferior court and to set aside a decree which such court· had full authority and.jurisdiction to render, when the petitioner has a complete and adequate remedy by appeal to correct any error which such court may have committed in rendering said decree.

2. *Pleading and practice; cross bill may be tested by demurrer or* motion to dismiss for want of equity.—Under the statute allowing an answer to a bill in chancery to be made a cross bill, by which the defendant may obtain relief, (Code, § 720), the sufficiency of such cross bill to authorize the relief prayed therein, can be tested by demurrer or motion to dismiss for want of equity at any time after it is at issue; and on an appeal from a final decree in said cause, the ruling of the chancellor upon the demurrer or motion to dismiss the cross bill is reviewable. (*Ex parte Thornton,* 46 Ala. 384, overruled).

3. *Same; same; mandamus.*—Where a party defendant to a bill in chancery files an answer which is made a cross bill, which the adversary moves to dismiss for the want of equity, and the chancellor grants such motion and orders the cross bill dismissed, a writ of mandamus will not lie upon the application of the cross complainant to set aside and vacate the decree dismissing the cross bill; since upon final determination

of the cause, the decree of the chancellor sustaining the motion to dismiss for the want of equity is reviewable, and such appeal furnishes a complete and adequate remedy to correct any error which the chancellor may have committed in rendering said decree. (*Ex parte Thornton,* 46 Ala. 384, overruled).

This was an original application for *mandamus* filed in this court. The facts of the case are sufficiently stated in the opinion.

SAM WILL JOHN, for petitioner.

KNOX, BOWIE & DIXON and BROWNE & DRYER, for respondent.

HARALSON, J.—We have but recently said, consistent with the authorities on the subject, that the function of a writ of *mandamus* is to compel a subordinate court to hear and decide a controversy of which it has jurisdiction; or if the case has been heard, to render a judgment or enter a decree in a cause; but not to correct errors, or direct what particular judgment or decree shall be rendered; not to control but compel judicial action. But, according to the decisions of this court, this is not the full limit of the writ, for as we have held, "If an order, or judgment, or decree, is made or rendered, which is not the subject of revision by appeal, or other revisory remedy and yet is erroneous, working injury to the party complaining, and there be no other legal remedy, adequate to the correction of the error and the prevention of the injury, *mandamus* will be awarded; but the writ will not be granted, when full and adequate relief can be had by appeal, writ of error or otherwise. *Wilson v. Duncan,* 114 Ala. 659; *Ex parte Tower Man. Co.,* 103 Ala. 415; *Ex parte Hayes,* 92 Ala. 120.

In the city court of Talladega, in the cause of *Mary J. Adair et al. v. H. W. Phillips et al.,* the petitioner, S. E. Woodruff, being a party defendant, filed her answer as a cross-bill under the statute, to which her adversaries demurred, and filed a motion to dismiss for want of equity. The motion to dismiss for want of equity was

granted, and the cross-bill was dismissed out of court. The petitioner now moves this court for a writ of *mandamus* to the judge of the city court of Talladega requiring him to set aside and vacate the said decree dismissing her said cross-bill.

The petition is offensive to the rule upon which this court proceeds in awarding this writ. It asks us to control the judicial action of an inferior court and to set aside a decree which it had full authority and jurisdiction to render, and this, when the petitioner has a full and adequate remedy to correct, on appeal on the final determination of the cause, any error which the lower court may have committed in rendering said decree.

Section 720 of the Code provides, that "A defendant may obtain relief against a party complainant or defendant for any cause connected with or growing out of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged and put in issue must be considered in the nature of a cross-bill, and be heard at the time of the original bill."

In *Ex parte Thornton,* 46 Ala. 384, this court, by PETERS, J., construed this statute, holding that it did not permit such a cross-bill to be heard, whether on demurrer (as in that case) or upon the merits earlier than the hearing of the original bill, and that its purpose was to keep the cross-bill in court until the original bill is heard. We are constrained to depart from that ruling as not being justified either on principle or on the words of the statute itself. We discover no reasons against, but many in favor of, allowing a cross-bill to be tested by demurrer or motion to dismiss for want of equity, at any time after it is at issue, and the statute does not forbid such a procedure. It is "the matters or facts" put in the issue by the answer, considered in the nature of a cross-bill, that are to be heard at the same time as the original bill. But these matters or facts should be so presented as that the cross-bill shall contain equity and not be subject to demurrer, so that the defendants therein may safely take issue thereon. The object of this provision is, that the cause shall not be tried on its merits piecemeal, multiplying the decrees to be rendered, but to have

the same adjudicated on the merits between all the parties and on all the issues at one and the same time. Such a provision is perfectly consonant with the practice of allowing the cross-bill, like any other bill, to be tested before the final hearing by demurrer or motion to dismiss, and is as justifiable and defensible in the one as in the other case.

The *mandamus* prayed for must be denied.