# *Ex parte* Barker *et als.*

## *Application for Mandamus.*

1. *Decedent's estate; right of administratrix to rent lands of, intestate; mandamus.*—One B. died leaving surviving him a widow and several heirs-at-law. Shortly after the death of the intestate and while residing upon the lands which she occupied with her husband at the time of his death, letters of administration were granted to the widow upon the estate of her husband. While proceeding with the administration of the estate in the probate court and after appraisers appointed for that purpose had set apart to her as widow the exemptions allowed by law, and the lands to which she was entitled as a homestead, but before the confirmation by the court of their report, the heirs-at-law of the intestate filed a bill in chancery alleging that the widow had executed an ante-nuptial contract, by which she relinquished all marital rights to the property of the estate of her husband, and sought to have said contract enforced and the complainants decreed to be entitled to all the property belonging to the estate, and to have the administration removed from the probate into the chancery court. Pending this suit in chancery, the widow, as administratrix, filed a petition therein asking an order of the court to be allowed to rent out the lands, which order was granted. After renting out the lands, the widow, as administratrix, reported her acts and also that the heirs-at-law of the intestate, who were in possession thereof, refused to deliver possession to the party to whom the lands had been rented, and asked that they be required to deliver possession to such party. It appeared in said report of the administratrix that the heirs-at-law were insolvent, and it was also shown that the time for the presentation of claims by creditors of the estate of the intestate had expired. The chancellor granted the order, and directed the persons in possession to deliver the lands to the person to whom they had been rented by the administratrix,

[*Ex parte* Barker *et als.*]

*Held:* That in this there was no error, and that, therefore, complainants in said bill were not entitled to *mandamus* to have said order vacated and annulled.

In this case there was a petition filed addressed to the Justices of the Supreme Court asking for a writ of *mandamus* to be issued to the chancellor of the southeastern chancery division, commanding him to set aside and vacate the decree rendered in a proceeding, pending in the Pike chancery court, by which decree the petitioners were required to surrender possession of certain specifically described lands. Upon the filing of a petition, a rule *nisi* was issued. In response to the rule *nisi* the chancellor filed his answer. The facts shown by the petition and the answer are set forth at length in the opinion.

CARMICHAEL & BRANNEN, and WATTS, TROY & CAFFEY, for petitioner, cited Code, §§ 154, 156; *Clark v. Knox,* 70 Ala. 607; *Calhoun v. Fletcher,* 63 Ala. 574; *Nelson v. Murfee,* 69 Ala. 598; *Lee v. Downey,* 68 Ala. 98; *Tyson v. Brown,* 64 Ala. 244; *Woods v. Legg,* 91 Ala. 512; 3 Brick. Dig., 464, §§ 146, 156.

FOSTER, SAMFORD & CARROLL, *contra,* cited *Harkins v. Pope,* 10 Ala. 493; *Golding v. Golding,* 24 Ala. 122; *Patton v. Crow,* 26 Ala. 426; *Bynton v. McEwen,* 36 Ala. 348; *Landford v. Dunklin,* 61 Ala. 605; *Stovall v. Clay,* 108 Ala. 110; *Gould v. Womack,* 2 Ala. 83; *Webb v. Webb,* 29 Ala. 588; *Blackman v. Blackman,* 16 Ala. 633; *Clancy v. Stephens,* 92 Ala. 580; *Benagh v. Turrentine,* 70 Ala. 557.

TYSON, J.—The facts shown by the petition and answer may be stated to be these: One Barker died seized and possessed of a certain tract of land comprising 378 acres, and personal property, leaving a widow and these petitioners as his heirs at law. At the time of his death, he resided upon the land with his wife, and she is now residing upon it. Situate near their dwelling was another dwelling, which was occupied by R. C. Barker,

one of these petitioners, who was cultivating a portion of the land under a contract with his father at the time of his death, which occurred in April, 1899. Subsequently to the death of his father, he and the widow exchanged residences, for his accommodation. In May following, letters of administration were granted to the widow upon the estate of her husband, and while she was proceeding with the administration of it in the probate court, and after appraisers appointed for that purpose had set apart to her as widow the exemptions allowed by law, and the lands to which she was entitled as a homestead, but before a confirmation by the court of their report, these petitioners filed their bill in the chancery court alleging that the widow had executed an ante-nuptial contract by which she had relinquished, for a valuable consideration, all her marital rights in the property of the estate of her husband specifically described in the bill. By the bill, they sought to have this contract enforced, the widow held to have released by it any and all interest in the property and estate of her husband and the complainants (petitioners) entitled to all the property belonging to the estate, and also to have the administration removed from the probate court into the chancery court. The widow answered this bill and in her answer incorporated a plea, invoking a defense going to the entire equity of the bill, as respects the contract, which is unnecessary to set out here. On a hearing upon exceptions to the sufficiency of the plea, it was held to be good. After the hearing on the sufficiency of said plea and a decree holding it good, the widow, as administratrix, filed a petition asking an order of the court to be allowed to rent out the lands for the year 1900, etc. Upon consideration of this petition the chancellor entered an order permitting the widow to remain in possession of the house and lot upon which she was residing for the year 1900, and directing her as administratrix to expose at public outcry on the premises to the highest bidder for rent, at a standing rent, for the year 1900, after giving notice by publication in a newspaper, etc., the remaining portion of the tract. That the highest bidder be required to

enter into a written contract of rental and that the administratrix report to the court her acts, etc. After renting out the land in compliance with this decretal order, the administratrix reported to the court her acts in that respect, and also shows that R. C. Barker, one of the complainants in the bill and one of the petitioners here, is in possession of the land and refuses upon demand to surrender the same to her or to the said tenant to whom she as administratrix has rented said land. That if Barker be allowed to remain in possession thereof, the estate will not be able to reap the benefits of the rents; that she as widow claims the right of a homestead in said lands, her husband having died residing upon the same as his homestead, and dower and quarantine rights therein, and is entitled to the rents, income and profits of said land. That Barker and the other complainants in the bill in the cause deny her right to homestead and dower and quarantine, and that her rights thereto are now being litigated and tried, this cause being in court for that purpose. That Barker is utterly insolvent, and if he is allowed to remain in possession of the land during the year 1900, and it should be ascertained that she is entitled to homestead, dower and quarantine rights in the land, the rents, income and profits of the land would be lost to her on account of his insolvency.

She further alleges that it is necessary, that the possession of said land be taken from said Barker, and that Carroll, to whom she had rented the land, be placed in possession of the same. And that the rents when collected from him should be held by the administratrix of said estate to await the action and decision of the court upon her rights to dower and homestead and that when the same is so ascertained, that said rents be applied by the court and paid to those who are entitled to the same.

The complainants in the bill, petitioners here, answered this petition and upon a hearing the chancellor made an order directing Barker to deliver the possession of the land to Carroll within ten days. It was further ordered that if the possession was not delivered as

directed, that a writ of posession issue by the register, directing the sheriff to place Carroll in possession of said land.

From the foregoing statement of facts and allegations of the pleadings in the cause and decretal orders, it is manifest that the chancellor did nothing more than he should have done. The court had jurisdiction of the parties and the subject matter over which the controversy arose. It became the duty of the court in administering the estate not only to protect the rights of the respective contestants to the extent of their claim or interest in the property belonging to the estate, but also the rights of creditors. The petition for the renting of the lands not only discloses the claims of the widow, but also the fact that the time for the presentation of claims by creditors had not expired and that the administratrix was not informed, and for that matter could not be, as to the extent of the indebtedness of her intestate.

Having held the plea of the widow sufficient, it becomes a question of proof of the facts alleged in it. Pending the trial of that issue, should the court decline to direct the renting out of the lands, leaving them in the possession of R. C. Barker, whose right to their possession is subordinate to the widow's right of quarantine, it is apparent that she would lose the rent of them if she is successful. If unsuccessful, petitioners have lost nothing, as the rents collected by the administratrix will be distributed to them upon a settlement unless they are required to pay the debts of the estate. If they are needed for this purpose, so much greater the reason for upholding the action of the chancellor.

We do not deem it necessary to discuss the question as to the right of an administrator to the possession of lands belonging to his intestate's estate as against the heir for the purpose of renting them out during the period within which creditors of the decedent have the right to present claims. It would seem from the cases of *Golding v. Golding*, 24 Ala. 124; *Tarver v. Smith*, 38 Ala. 137; *Calhoun v. Fletcher*, 63 Ala. 580, and *Langford v. Dunklin & Reese*, 71 Ala. 605, and authorities cited in these cases, that he has such right.

The writ of *mandamus* must be denied.