# Bickley *v.* Bickley.

*Bill in Equity by Wife for Maintenance and Support.*

1. *Appeal; will not lie from decree overruling demurrer or motion to dismiss cross-bill.*—A decree overruling a demurrer to a cross-bill or a motion to dismiss the same for the want of equity, is not such an interlocutory decree as will support a decree under the statute, (Code, § 427); and an appeal from such a decree will be dismissed by the court *ex mero motu.*

[Bickley v. Bickley.]

2. *Chancery practice; cross-bill may be tested by demurrer or motion to dismiss for want of equity; mandamus and prohibition.*—Where a party defendant to a bill in chancery files an answer which is made a cross-bill, and the original complainant demurs to such cross-bill and moves to dismiss it for want of equity, and the chancellor overrules such motion, a writ of *mandamus* will not lie on application of the cross-defendant to set aside and vacate the decree overruling such demurrer and motion, nor will a writ of prohibition lie to prohibit further proceeding upon said cross-bill; since upon final determination of the cause, the decree of the chancellor overruling the demurrer or motion to dismiss for want of equity and the final decree upon the cross-bill are reviewable on appeal, and such appeal furnishes a complete and adequate remedy to correct any error which the chancellor may have committed in rendering the decrees relating to said cross-bill.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Susan B. Bickley, against the defendant. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

In this court the appellant made a motion for the issuance of a writ of *mandamus*, or other remedial writ, to the chancellor, commanding him to vacate and annul the decree of the court overruling the motion to dismiss the bill. The appellant also moved the court for a writ addressed to the chancellor prohibiting him from further proceeding upon the cross bill in said cause.

THOS. R. ROULHAC and JAMES JACKSON, for appellant. The matter of the cross bill is independent of and of a different nature from the equity sought to be maintained by the original bill. For this reason the cross bill can not be maintained; and upon the court refusing to dismiss the same and entertaining such bill, the cross-defendant is entitled to a writ of *mandamus*, prohibition or other remedial writ.—*Cullum v. Erwin*, 4 Ala. 461; *Nelson v. Dunn*, 15 Ala. 501; *Andrews v. Hobson*, 23 Ala. 239; *Ketchum v. Creagh*, 53 Ala. 224; *Pitts v. Powledge*, 56 Ala. 147; *In re Tallassee Mfg. Co.*,

64 Ala. 567; *Taunton v. McInnish*, 46 Ala. 610; *Gilman v. N. O. & S. R. Co.*, 72 Ala. 566; *Watts v. Eufaula Nat. Bank*, 76 Ala. 474; *Continental Ins. Co. v. Webb*, 54 Ala. 688; *Grimball v. Patton*, 70 Ala. 626; *Tutwiler v. Dunlap*, 71 Ala. 126; *Shelton v. Carpenter*, 60 Ala. 201; *Rapier v. Gulf City Co.*, 64 Ala. 330; *O'Neill v. Perryman*, 102 Ala. 522.

A. H. CARMICHAEL and KIRK & RATHER, *contra.*—The defendant is entitled to maintain his cross bill in this case.—Code of 1896, § 720; *Davis v. Cook*, 65 Ala. 617; *Cullum v. Erwin*, 4 Ala. 452; *Nelson v. Dunn*, 15 Ala. 513; *Brindley v. Brindley*, 121 Ala. 431; *Glover v. Glover*, 16 Ala. 446; 5 Ency. of Pl. & Prac., 645.

TYSON, J.—This bill is filed by a married woman against her husband for maintenance on account of his alleged desertion of her and his refusal to furnish her with necessary means for her support, etc. A divorce is not sought and could not be had, as the statutory period of desertion had not expired when the bill was filed.—Code, § 1485.

The husband in his answer sets up the defense of the infidelity of the complainant, in that she has been guilty of illicit sexual intercourse, since her marriage with him, and makes his answer a cross-bill, praying upon final hearing that the bonds of matrimony between them be dissolved.

A motion to dismiss the cross-bill for want of equity was overruled, and this appeal is prosecuted from that decree.

The motion to dismiss this appeal must be granted. Code, § 427; *Throne-Franklin Shoe Co. v. Gunn*, 123 Ala. 640, and cases cited.

The appellant anticipating this result, submits a motion for *mandamus*, prohibition or other remedial writ.

It seems to be conceded by appellant's counsel that the matter alleged in the answer constitutes a good defense, if proven, but it is contended that it cannot be made the predicate for affirmative relief, by way of cross-bill. The theory is, that the cross-bill is an en-

[Gray *et al.* v. Denson.]

tire departure from the subject matter of the original bill, and, therefore, the chancellor exceeds his jurisdiction in entertaining it. The case of *Ex parte Woodruff*, 123 Ala. 99, is conclusive against the right of the complainant to have the writ of *mandamus*, and we think, also, conclusive against his right to the writ of prohibition.

We do not doubt that should the chancellor on final hearing grant the relief sought by the cross-bill, upon appeal from that decree this court would review the question if properly presented now sought to be reviewed upon this application for the writ of prohibition. Such has been the uniform practice of this court as shown by former decisions.—*Davis v. Cook*, 65 Ala. 617; *O'Neill v. Perryman*, 102 Ala. 522; *Cont. Ins. Co. v. Webb*, 54 Ala. 688; *Whitfield v. Riddle*, 78 Ala. 99; *Tutwiler v. Dunlap*, 71 Ala. 126; *Grimball v. Patton*, 70 Ala. 626, and the numerous authorities cited in brief of appellant's counsel. The complainant having the right to have the question reviewed upon appeal from the final decree, if adverse to her, the writ of prohibition will not be awarded. It is not a revisory writ and can no more be made to perform the office of an appeal or writ of error than can the writ of *mandamus*.—3 Brick. Dig., 717, § 1; *Ex parte Brown*, 58 Ala. 536.

Appeal dismissed. Writs of *mandamus* and prohibition denied.

