# *Ex parte* Merritt.

## *Petition for Mandamus.*

1. *Mandamus; not awarded for ordering vacation of chancellor's decree, dismissing a bill in equity.*—Where upon a motion made by some of the defendants in a chancery suit to dismiss the bill for the want of equity, the chancellor renders a decree, granting said motion, and ordering the bill dismissed, the complainant cannot obtain a writ of mandamus, ordering the vacation of said order of dismissal, and the restoration of said defendants as parties to said bill.

APPEAL from the City Court of Montgomery in Equity. Heard before the Hon. A. D. SAYRE.

The facts in this case are sufficiently stated in the opinion.

GUNTER & GUNTER, for petitioner.—Mandamus is the proper remedy to compel the vacation of a decree dismissing a bill as to several defendants, as there is no adequate remedy prescribed by appeal, and there may be a failure of justice otherwise.—Code, 427 and citations; *Ex parte Fecheimer,* 103 Ala. 154 (discharging injunction) ; *Bridgeport v. Bridgeport, etc.,* 104 Ala. 276, (order to enforce judgment) ; *Ex parte Sayre,* 95 Ala. 288, (discharging an injunction) ; *Ex parte S. & N. Ry.,* 65 Ala. 599.

WHITSON & DRYER, J. M. FALKNER and GEORGE W. JONES, *contra.*

SIMPSON, J.—It appears from the record that the petitioner, Fisher H. Merritt, filed a bill in the city court of Montgomery, sitting in equity, against the Alabama Pyrites Company, Percival H. Smith and O. A. Smith, in connection with other defendants, that said parties filed in said court a motion to dismiss said bill as to them, on the grounds therein stated, that, upon the hearing of said motion, a decree was rendered to the effect that said bill, so far as it sought relief against said parties was without equity, and "that the same do stand dismissed, at the cost of complainant." The petitioner prays for a writ of mandamus "ordering the vacation of said order of dismissal, and the restoration of said defendants as parties to said petitioner's bill."

The writ of mandamus is a remedial writ granted where there is a specific legal right, and there is no other legal remedy which is adequate for the enforcement of the right. In its application to judges, and judicial proceedings, while cases sometimes touch so closely on the border line as to render it difficult to harmonize them all, on a clear line of principle, yet there is a great uniformity in stating what that principle is, to-wit: that

the sole office of the writ is to force the judge to act, and not to direct him to render a particular judgment. It can compel him to hear and decide a controversy which is within his jurisdiction, but it cannot direct or control the exercise of his judicial discretion. It is not its office to correct errors.—14 Am. & Eng. Ency. Law (2d ed.) p. 113; *Ex parte Jones,* 1 Ala. 15; *State of Ala. ex rel Pinney v. Williams,* 69 Ala. 311, 316; *Ex parte The City Council of Montgomery,* 24 Ala. 98; *Ex parte Elston,* 25 Ala. 72; *Ex parte Parker,* 120 U. S. Rep. 737, 743; *Lamar v. Commissioners' Court,* 21 Ala. 772, 778; *Appling, Judge of Probate v. Bailey, Assignee,* 44 Ala. 333.

It has been allowed, in cases where a non-resident, under the old statute, failed to give security for costs, to force the dismissal of a case, because this was an absolute right, given by statute, and there was no remedy by appeal.—*Ex parte Cole,* 28 Ala. 50; *First National Bank of Anniston v. Cheney,* 120 Ala. 117.

In the last cited case Chief Justice BRICKELL states that as a general rule "mandamus will not be granted for the correction of an error, arising in the progress of a suit, which can be revised on appeal after final judgment," and goes on to show that these cases have been made an exception to the general rule, because the defendant had not adequate remedy, if he is forced to litigate with a non-resident, without the indemnity against costs which the statute guarantees to him, as absolute right.

It has been granted where a case had been, without authority of law, stricken from the docket, in order to reinstate the same.—*Ex parte State ex rel. Stow,* 51 Ala. 69. Also where a court, under an unconstitutional ordinance set aside a judgment, rendered at a previous term. *Lawson v. Moore,* 44 Ala. 275. Also where a court, without authority of law, at a subsequent term, set aside and vacated a final decree rendered at a previous term, for the purpose of reinstating the same; as the court had no jurisdiction or control over the decree, after the expiration of the term at which it was rendered.—*Ex parte Cresswell,* 60 Ala. 378; *Cochran v. Miller,* 74 Ala. 50.

Also to reinstate a case which was impropely allowed to abate after the death of the plaintiff, because the heirs or personal representatives had a specific right to be made parties and prosecute the suit, and after the suit was abated had no standing in court to remedy the matter either by appeal or otherwise.—*The State ex rel Nabors' Heirs,* 7 Ala. 459.

Also to reinstate an ancillary attachment, improperly dismissed, without notice to the defendant.—*Boraim v. DaCosta,* 4 Ala. 398.

Also where the court required plaintiff to remit the amount of $1,000.00 damages assessed by the jury, or a new trial would be granted on payment of costs, and, after failure to remit the $1,000.00, and after the costs had been paid, by the other party, the case was stricken from the docket, as this was "not technically speaking a judgment," and not revisable.—*Stephenson v. Mansony,* 4 Ala. 317, 320. Also where a case, still *sub judice* was improperly stricken from the docket.—*Ex parte Lowe,* 20 Ala. 330.

On the other hand it has been denied for the purpose of reinstating a bill which had been dismissed on account of the plaintiff's failure to secure costs, because if erroneous it could be corrected on appeal.—*Ex parte Hendree,* 49 Ala. 360.

And it has also been denied where the action of a probate judge in issuing a liquor license was sought to be overturned, the reason being that he acted judiciously, and the exercise of that judicial power could not be controlled by mandamus.—*Dunbar v. Frazer,* 78 Ala. 538, and cases there cited.

From all these cases, and others which might be cited, we can find no warrant for interfering, by mandamus, in a case where a motion to dismiss a bill for want of equity and other grounds, has been regularly entertained by a judicial officer in a case within his jurisdiction, and a decree rendered passing upon the equity of the bill, and dismissing the bill, when the matter complained of can be revised on appeal, either under the statute in regard to interlocutory decrees, or from the final decree in the case. Without expressing any opinion, as to the

right of appeal in this case from the interlocutory decree, there is no doubt that the matter can be revised on appeal from the final hearing of the case.—*Ex parte Woodruff*, 123 Ala. 99; *Bickley v. Bickley*, 129 Ala. 403.

The petition for a writ of mandamus is denied.

MCCLELLAN, C.J., TYSON and ANDERSON, J.J., concurring.