TYSON, C. J., and HARALSON and DENSON, JJ., concur.

# *Ex parte* **Hurt.**

## *Mandamus.*

(Decided June 4, 1908. Rehearing denied July 3, 1908. 47 South. 264.)

1. *Reecivers; Appointment; Collateral Attack.*—Where decree has been entered appointing a receiver and no appeal has been taken therefrom, such decree cannot be attacked collaterally by mandamus.

2. *Executors and Administrators; Accounting by Executor; Jurisdiction of Chancery.*—Where a receiver is appointed to take charge of the assets of an estate being administered, and it appears from his report, that the executor has not accounted for all the property that came into his hand, on motion of the distributees the chancellor has the power to require the executor to file with the register a statement of all property which has come into his possession as such executor, and his disposition thereof, and to order a reference to hear testimony from the parties relating thereto.

[Ex parte Hurt.]

3. *Same; Necessity for Order of Removal.*—If an executor files a bill in chancery for a discovery and an accounting, and on answer and cross bill a receiver is appointed to take charge of the administration, the fact that the court did not enter an order removing the administration into the chancery court is no reason against the rendering of a decree requiring the executor to render an account.

4. *Same; Remedy by Contempt.*—The chancery court has the power to order the executor to account for the assets of an estate in his possession, notwithstanding the court could have held such an executor as in contempt for failure to turn over assets to the receiver upon order.

5. *Mandamus; Subject of Relief; Interlocutory Decree.*—Since an interlocutory decree requiring an executor to render a statement of the assets of an estate may be assigned as error on appeal from the final decree, if against the executor, mandamus will not lie to compel the annulment of such a decree, although no appeal may lie from it.

6. *Witnesses; Privilege; Incrimination.*—The fact that a decree requiring an executor to file a statement of the assets of an estate which had come into his hand as such might require him to disclose evidence against himself upon which he might be convicted of crime, would not affect the validity of the decree, since otherwise a settlement of the estate might not be properly had.

Original petition in the Supreme Court.

Petition for mandamus by James W. Hurt as executor of the estate of H. H. Hurt, deceased, for a rule nisi to the chancellor of the southwestern chancery division to require the annullment of a decree appointing a receiver, etc. Rule discharged and mandamus denied.

STEWART & STEWART, HOGUE & CHAPPELL, and DE-GRAFFENRIED & EVINS, for appellant. Equity will never order a discovery the effect of which might be to expose the party making it to a criminal prosecution or to pains, forfeitures or penalties. This rule is independent of our constitutional provision, that a party cannot be compelled to give evidence against himself.—*East India Co. v. Campbell,* 1 Ves. Sr. 246, 27 reprint p. 1010; *Boyd v. U. S.,* 116 U. S. 616; *U. S. v. Nat'l. Lead Co.,* 75 Fed. 94; *Leggett v. Postley,* 2 Paige, 599; *Delaney v. Smith,* 97 Va. 130; *Hartsman v. Kaufman,* 39 Am. Rep. 802. In addition to this rule the appellant is protected by the Constitution of Alabama.—Sec. 6, Constitution 1901:

24 R

*Ex parte Boscowitz,* 84 Ala. 463; *L. & N. R. R. Co. v. Hall,* 91 Ala. 112. The court has jurisdiction to issue writs of mandamus to review non appealable interlocutory orders.—*Garrison v. Webb,* 107 Ala. 500; *Ex parte Thornton,* 46 Ala. 384; *Ex parte Woodruff,* 123 Ala. 99; *Ex parte Green,* 109 Ala. 660; *Ex parte Sayre,* 95 Ala. 288; *Chastain v. Armstrong,* 85 Ala. 215.

PETTUS, JEFFRIES & PETTUS, for appellee. The decree appointing a receiver cannot be collaterally attacked by mandamus.—*Montgomery v. Enslen,* 126 Ala. 654; *Foscue v. Lyon,* 55 Ala. 441. The fact that the chancellor has never assumed jurisdiction of the estate by ordering a removal into his court does not render the order void. —*Micou v. Moses Bros.,* 72 Ala. 440; *Weiss v. Goetter-Weil & Co.,* 72 Ala. 259. The fact that the executor might have been punished for contempt does not militate against the order, nor the fact that a compliance with the order might have subjected the administrator to a criminal prosecution.—Schouler on Exe. sec. 518-520; 18 Cyc. 1104; sec. 223, Code 1896; *Vincent v. Daniels,* 59 Ala. 602.

DENSON, J.—Application to this court for a mandamus to the chancellor of the Southwestern chancery division to compel him to annul and set aside an interlocutory decree or order made in a cause pending in the chancery court of Perry county, in which the petitioner is the original complainant. The petition sets out in full the pleadings which have been filed and the decrees and orders which have been made in that cause up to the date of the filing of the present application. A brief statement of these will serve to bring in view the points sought to be presented here for determination:

The petitioner was named in the will of his father, H. H. Hurt, as executor thereof without bond. Upon

[Ex parte Hurt.]

the death of the father the will was duly probated in the probate court of Perry county, and the petitioner was duly appointed the executor, in accordance with the terms of the will. The executor took charge of the estate and proceeded with the administration of its affairs. After proceeding with the administration for one or two years he filed his bill in the chancery court, against the legatees and devisees named in the bill, to remove the administration of the estate from the probate court into the chancery court and for a settlement of the administration in that court, upon the grounds that it was necessary to have a construction of the will by the chancery court to aid him in the proper administration of the estate under the same, and that a discovery was necessary to be had against some of the legatees and devisees in respect to property of the estate alleged to have been converted by them. Nell Hurt Hanna, one of the respondents against whom the discovery is sought, within 30 days from the filing of the bill filed a sworn answer, denying the allegations of the bill upon which the prayer for discovery is based, and affirmatively alleging devastavits on the part of the executor and that he is wholly insolvent. Other matters calling for affirmative relief are alleged in the answer, and it is prayed that the answer be taken and considered as a cross-bill, that the executor be made a party defendant, and that he be required to give bond as executor, or that a receiver be appointed. The cause was presented to the chancellor on the application of the cross-complainant to require the bond to be executed or that a receiver be appointed, and on the hearing an order was entered requiring the executor within a specified time to execute a bond as executor in a fixed sum. The executor failed to comply with the order, and on further application of the cross-complainant the chancellor, after requiring her to execute a bond to secure the executor against any dam-

age which might ensue from the appointment of a re-
ceiver, entered a decree appointing a receiver to take
charge of the assets of the estate.

On the 12th of September, 1907, at the regular term
of the chancery court, the receiver filed his report in the
cause, by which he showed that he had received from the
executor certain personal property set forth therein,
amounting in value to about $15, and that the executor
stated that the foregoing was all of the property belong-
ing to the estate in his possession. He further showed
that the executor had a large amount of personal prop-
erty in his possession, and attached to his report an in-
ventory of the same. At the same term of the court,
after the receiver's report was filed, the cross-complain-
ant in the cause filed her petition, praying that the exe-
cutor be required to file a statement in the cause with
the register, showing all property, real, personal, and
mixed, which had come into his possession as executor,
by a day to be named by the court; that by such day the
executor should also file a report showing what disposi-
tion he had made of such property, what sums, if any,
he had paid out, and that he file with the register re-
ceipts and vouchers, if any he had, therefor. It is fur-
ther prayed in the petition that, when the statement
and vouchers should be filed, the cause be referred to the
register to hear any evidence that might be introduced
by either party showing or tending to show that other
property had been received by the executor. It is then
prayed that, when the reference is had and the evidence
is closed, the chancellor will make such further orders
as may be necessary.

The petition was heard by the chancellor, by agree-
ment, in vacation, on objections thereto, on motion to
dismiss the cross-bill for the want of equity, and on de-
murrers to the cross-bill. On January 3, 1908, the chan-
cellor rendered a decree, overruling the motion to dis-

[Ex parte Hurt.]

miss the cross-bill for the want of equity and the demur-
rers to the cross-bill, and requiring the executor to file
with the register a statement showing all property, real,
personal, and mixed, which had come into his possession
as executor, and also requiring him to file a report show·
ing what disposition he had made of such property, and
what sums, if any, he had paid out, with the receipts
and vouchers therefor. It was directed by the decree
that, upon the filing of such statement, accounts, and
vouchers, the register hold a reference, and hear any
evidence which either party might introduce tending to
show what property had come into the executor's pos-
session, and that the register forward his report to the
chancellor, etc.; and this, for the purpose of enabling
the receiver to take into his possession such property
as might be shown to be in the possession, custody, or
control of the executor. Such is the decree which it is
here sought by the application to have the chancellor
annul.

The chancellor, in his answer to the rule nisi, denies
the right of the petitioner to mandamus. He admits
rendering the decree, but avers that it was rendered
"after carefully considering the law and the facts," and
that it was correctly rendered. The decre appointing
the receiver cannot be assailed in this proceeding. It
stands unreversed. So far as this record shows, no ap-
peal has ever been taken therefrom. See, in this respect,
*Hurt v. Hurt, post,* 47 South. 260. By the decree the
receiver was required to take possession of the assets
belonging to the estate; and on the report made by him
to the court it is our judgment that, for the proper
preservation of the estate pending the litigation, it was
within the power of the chancellor, on motion made by
the cross-complainant, to render the decree which is com-
plained of in this proceeding.—*Ex parte Barker,* 127

Ala. 203, 28 South. 574. If this be not sound, then the executor might defy the orders of the court and at will sacrifice the estate to his own uses. Under the facts shown by the record, the fact that the court had not rendered a decree removing the administration of the estate into the chancery court affords no sufficient reason why the decree sought to be annulled should not have been rendered.—*Hurt v. Hurt, supra.*

It may be conceded, as argued by petitioner's counsel, that petitioner could be held by the court as being in contempt; but it does not follow from this that the court has pursued the wrong remedy, or that the one adopted is inapt. Moreover, the applicant is met at the threshold of this controversy with the proposition that mandamus will not lie to compel the annulment of an interlocutory decree, such as the one in judgment. While it may be conceded that no appeal lies from the decree, yet it may be assigned as error, on appeal from a final decree, if one should be rendered against the petitioner; and from this it must follow that mandamus will not lie. And this is true, although, in the estimation of the petitioner the decree may seem to bear harshly upon him. —*Ex parte Whitney,* 13 Peters (U. S.) 404, 10 L. Ed. 221; *Ex parte Loring,* 94 U. S. 418, 24 L. Ed. 165; *Ex parte Woodruff,* 123 Ala. 99, 26 South. 509; *Bickley v. Bickley,* 129 Ala. 403, 29 South. 854; *Ex parte Montgomery,* 24 Ala. 98; *Ex parte Elston,* 25 Ala. 72; *Ex parte S. & N. R. R. Co.,* 65 Ala. 599; *Ex parte Carlisle,* 118 Ala. 175, 24 South. 30; *Ex parte Merritt,* 142 Ala. 115, 38 South. 183.

We have been unable to appreciate the force of the insistence made by the petitioner that the decree is void because to comply therewith might cause the petitioner to disclose evidence against himself upon which he might be convicted for crime. The order, in effect, is in

[Hall, et al. v. Gunter & Gunter.]

this respect no more than one, on application in the probate court, requiring an executor to file his accounts and vouchers for a settlement of his administration of the estate; and it would be anomalous to hold that, because the executor's accounting would probably expose him to criminal prosecution, no settlement of his trust estate could be had.

The rule nisi is discharged, and the writ of mandamus denied.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.