## WHITE *vs.* NANCE.

1. The plaintiff in an action of ejectment or trespass to try title may dismiss the suit whenever he thinks proper, and the fact that the beneficial interest in such suit is in another cannot affect his right to do so·
2. If a plaintiff desires to dismiss his suit, but the court notwithstanding

16  345
99  305

proceeds to a trial, whereby the same result is attained that would have been effected by the dismissal, no injury is done to the plaintiff, and the judgment consequently will not be reversed.

Error to the Circuit Court of Dallas. Tried before the Hon. Nathan Cook.

G. W. GAYLE, for plaintiff:

1. Independent of the facts stated to the court by plaintiff's counsel, the proof abundantly shows that Thomas White, the patentee, was a mere *nominal* plaintiff. It is not necessary that the record should disclose the party in interest, unless called to indemnify the nominal plaintiff for costs. Brazier v, Tarver, 4 Ala. 569.

2. The *nominal* plaintiff, White, could not dismiss the suit, because he had given *no notice* to indemnify against the costs. Brazier v. Tarver, 4 Ala. 569.

3. White being the nominal plaintiff, his declarations, after suit, were inadmissible for any purpose. 9 Ala 791.

4. As EVIDENCE, the declarations of White proved nothing, because a legal title to land can only be shown to be *parted with* BY DEED. Again: if White had sold the land, his *deed* is the best evidence, and its absence is not accounted for. The declarations were used as evidence. Morgan v. Patrick, et al. 7 Ala. 185.

5. But if White were the *real plaintiff*, his declarations, (proven by defendant) that he had sold the land to another, could not outweigh the evidence of title in himself shown by the *patent*. The court should therefore have charged that the plaintiff was entitled to recover under the evidence. Morgan v. Patrick, et al. 7 Ala. *supra*.

LAPSLEY, contra.

DARGAN, J.—This is an action of trespass to try titles, and recover possession of a tract of land, brought in the name of the plaintiff against the defendant. As evidence of title, a patent was introduced, from which it appears that the land in controversy, was granted by the government to the plaintiff. The defendant then offered in evidence, an instrument in writing, signed by the plaintiff, in which he acknowledged that he had no title to the land, as he had conveyed it before the suit

White v. Nance.

was brought, and in which he agreed that the suit should be dismissed. The counsel for the plaintiff objected to this instrument as evidence, which objection was overruled. The counsel who appeared for the plaintiff, then stated that the suit was brought without the knowledge of the plaintiff, under the instruction of one Strickland, whose wife claimed to be entitled to dower in the land, but owing to some defect in the title, or loss of the deed, executed to the person through whom she claimed dower, her title could not be made out, and that this suit was brought for her benefit, and to enable her to recover.

The court was requested to charge the jury, that the evidence offered by the defendant was insufficient to show title in another, and that the plaintiff was entitled to recover. This charge the court refused to give, and instructed the jury that the evidence introduced by the defendant conduced to show that the plaintiff had no title. Under this instruction, the jury returned a verdict for the defendant.

We will not enter into an examination of the propriety of the charge given by the court to the jury, for we are satisfied that under the circumstances, the court should have dismissed the suit, and as the suit is trespass to try titles, the same result is produced by the verdict as the dismissal of the suit would have had. If the suit had been dismissed, the defendant would have recovered cost, and the only effect of the judgment rendered on the verdict is, that it entitles the defendant to his cost. It is true, a suit at law may be carried on by one who is beneficially entitled to the money, in the name of him in whom is vested the legal title. Brazier v. Tarver, 4 Ala. 569—and a court of law will protect the rights of him beneficially interested, and will not permit the plaintiff to dismiss the suit, if the party entitled to the proceeds of the recovery will indemnify him against the cost to which he may be subjected. But the suits that may be thus prosecuted are those brought to recover a sum of money, and *perhaps for a specific chattel*, where the title is in one, but the beneficial interest is in another. In ejectment or trespass, to try title to land, we can look alone to the legal title, and no person can control the suit, except the plaintiff, even if another has an equitable interest in it. The plaintiff in this case had the right to control the suit as he saw

proper. Neither the counsel, nor those at whose instance he brought the suit, could prevent him from exercising this right. He desired to dismiss the suit, but it has been tried, and the trial has produced no other result than would have been produced had the suit been dismissed. He has then suffered no injury from the ruling of the court, and the judgment must be affirmed.