## Ex Parte ELSTON.

1. MANDAMUS from the Supreme Court does not lie to compel the Circuit Court to vacate an order suppressing a deposition.

MOTION for a *mandamus*, or other remedial writ, to compel the Circuit Court of Talladega to vacate an order suppressing a deposition, which had been taken by the petitioner in a certain cause, pending in said court, between himself and the Bank of Brunswick, and had been suppressed because "it was not taken in conformity to law and the rules of the court."

MORGAN & MARTIN, for the motion, cited the following cases to show that the writ of *mandamus* should be granted : Stephenson v. Mansony, 4 Ala. 315 ; Cuthbert v. Lewis, 6 *ib.* 268 ; Cullum v. Smith & Conkling, 6 *ib.* 625 ; 13 *ib.* 722 ; 5

Wend. 114; Parsons v. Boyd, 20 Ala. 122; 1 Stew. 190;
Spence v. Mitchell, 9 Ala. 744.

HILLIARD & THORINGTON, *contra.*

PER CURIAM.—The motion cannot be granted. It is true, this court has a general superintendence and control over inferior tribunals; and it may be that the court committed an error in suppressing the depositions—a point which we do not now decide; yet we should be sorry if, at every step taken in a cause in the primary court, which a party supposes to be incorrect, an appeal would lie to this court to revise its action. Our primary courts would be embarrassed beyond endurance, and our own terms would, in a great measure, be consumed in the argument of points raised upon the preliminary action of the inferior courts. The office of a *mandamus* is too well settled in the case of Edward Henry *Ex parte*, at this term, and *Ex parte* The City Council of Montgomery, 24 Ala. 98, to require further illustration. These cases show, that the case presented is not one which justifies the interposition of this court. The court below has not refused to act—has not repudiated its jurisdiction—but has, it is alleged, committed an error which is injurious to the petitioner. This error, if it be one, can be revised on appeal, when the cause shall have been finally disposed of; and if, in the meantime, the witness should die, as has been suggested, this will not prevent his deposition from being read should it be legal; and if, being illegal, the counsel choose to plant themselves upon the question of law involving its correctness, and prefer testing it to retaking the proof, and should, by the delay, be deprived of the deposition from death or otherwise, this would be a misfortune consequent upon unavoidable accident, against which no provision can be made.

The motion must be denied.