the right to poll the jury cannot be exercised in any case until the verdict has been read aloud in court.—2 Hale's P. C. 299-300.

14. The improper conduct of a jury, after they have retired to make up a verdict, is not a ground for a motion in arrest of judgment.—McCann v. The State, 9 Sm. & Mar. 465; 1 Waterman's Archb. Cr. Pl. 178-31, and note (2).

15. Misconduct of a jury is a ground for motion for a new trial.—Wharton's Cr. Law 895; Waterman's Archb. Cr. Pl. 178-19. But it is too firmly settled in this State now to be questioned, that this court cannot revise the action of the Circuit Court refusing a new trial.

We have carefully deliberated upon every question presented by the record, and the result is, that while I think the judgment and sentence should be affirmed, my brethren believe there is error in admitting the confessions; and for that error the judgment and sentence pronounced in the court below must be reversed, and the cause remanded.

---

## EX PARTE ROWLAND.

1. *Mandamus* from the Supreme Court does not lie to compel the chancellor to dismiss a cause, on motion, in pursuance of a written agreement between the parties to that effect.

APPLICATION for a *mandamus* to the Chancery Court of Perry. Hon. JAMES B. CLARK, presiding.

THE petitioner (John S. Rowland) alleges that he filed a bill in equity, in April, 1853, against one Samuel Whitman, for the settlement of certain partnership accounts; that after the defendant had answered, and had also filed a cross bill, a written agreement was entered into between them, "that the said original bill, cross bill, and answer, and all the claims set up in the same, should be totally abandoned by the parties, as though they had never existed,—each party

paying his own costs"; that Whitman, at the next term of the court, moved to set aside this agreement, on the ground of fraud, and filed affidavits in support of his motion, and at the same term petitioner moved the court to dismiss the cause in pursuance of said agreement; and at the next term of the court, both these motions were overruled and refused,—with leave to petitioner to move to modify the injunction, and without prejudice to Whitman's right to proceed by supplemental bill (or otherwise) to have said agreement vacated. And on these facts the petitioner now asks for a rule *nisi* against the chancellor, to show cause why a peremptory *mandamus* should not issue from this court, to compel him to dismiss said cause in pursuance of said written agreement.

I. W. GARROTT, for the motion, to show that *mandamus* was the proper remedy, cited Stephenson v. Mansony, 4 Ala. 320; Mallory v. Mattock, 7 *ib.* 757; same case, 10 *ib.* 597; Tarver v. Commissioners' Court of Talladega, 17 *ib.* 527; Tapping on Mandamus (67 Law Lib.), top p. 58-9.

JOS. R. JOHN, *contra*, contended that this was not a proper case for a *mandamus*, and cited the following authorities: Board of Police of Attala Co. v. Grant, 9 Sm. & M. 88; *Ex parte* Milner, 6 Eng. Law and Eq. Rep. 373; The People v. Judges of Duchess C. P., 20 Wend. 658; *Ex parte* Elston, 25 Ala. 72; *Ex parte* Henry, 24 *ib.* 638; *Ex parte* City Council of Montgomery, *ib.* 98.

PER CURIAM.—Motion refused, on the authority of *Ex parte* Elston, 25 Ala. 72; *Ex parte* Small, *ib.* 74; *Ex parte* City Council of Montgomery, 24 *ib.* 98, and cases cited.