other sections which have no relation to the trial before the magistrate.

But it is insisted, that conceding the act to be void in the respect we have declared—still the Legislature had the power to repeal the previously existing laws in conflict with this provision. This is unquestionable ; and if the repealing clause had declared that so much of the previously existing laws as made defaults of overseers cognizable by indictment, was repealed, a different case would have been presented. But the evident intention of the Legislature was, that the provisions of the former law were only to be repealed if in conflict with the act. The words are, " that all laws contravening the provisions of this act are hereby repealed." If the new law is void, the provisions of the former law cannot with propriety be said to be in conflict or contravention of it.

Judgment affirmed.

---

## Ex parte GARLINGTON.

1. *Mandamus* from the Supreme Court does not lie to compel the Circuit Court to strike a cause from the docket, on motion, on the ground that it has been discontinued by a submission to arbitration.

APPLICATION for a *mandamus* to the Circuit Court of Chambers. Hon. ROBERT DOUGHERTY, presiding.

THE petitioner (Joseph E. Garlington) alleges that a suit was instituted against him, in the Circuit Court of Chambers, by M. H. Gladden, endorsee of Julius C. Eckles ; that he afterwards entered into a written agreement with the real plaintiff in said suit to submit the matters in controversy therein to arbitration ; that at the succeeding term of the court he proved this fact to the court, and moved to strike said cause from the docket, on the ground that said submission to arbitration operated a discontinuance of the suit ; but the

court overruled his motion, and he excepted to its ruling. Appended to the petition, as a part thereof, is a transcript of the proceedings had in said cause, containing a bill of exceptions, signed by the presiding judge, in which the facts alleged in the petition are set out ; and on these facts the petitioner asks for a rule *nisi* against the judge of the ninth judicial circuit, sitting for the county of Chambers, to show cause why a peremptory *mandamus* should not issue from this court, requiring him to strike said cause from the docket.

L. E. Parsons and J. W. Shepherd, for the motion :

1. That the submission to arbitration was a discontinuance of the suit, see Camp v. Root, 18 Johns. 22; Miller v. Vaughan, 1 *ib.* 314 ; Stevenson v. Beecker, *ib.* 492 ; Bean v. Parker, 17 Mass. 591; *Ex parte* Wright, 6 Cow. 399 ; Van Cortlandt v. Onondaga C. P., 1 Wend. 314 ; Larkin v. Robbins, 2 *ib.* 506 ; Town v. Wilcox, 12 *ib.* 503 ; Hutchings v. Buck, 32 Maine 277.

2. That *mandamus* lies on the refusal of the Circuit Court to strike the cause from the docket, see 1 Wend. 314 ; 12 *ib.* 503 : 6 Cow. 399 ; Dixon v. Fields, 5 Eng. 243 ; Cortleyou v. Ten Eyck, 2 Zabr. (N. J.) 45; 4 Ala. 320; 7 *ib.* 757; 10 *ib.* 598; 17 *ib.* 527.

J. E. Belser, for the plaintiff in the suit, resisted the motion.

·PER CURIAM.—The application must be overruled, on the authority of several adjudged cases.—See *Ex parte* Elston, 25 Ala. 72 ; *Ex parte* Small, *ib.* 74 ; *Ex parte* Rowland, at the present term.