JOHNSON, *ex parte*.

MANDAMUS. A writ of mandamus will not lie to compel the circuit court to reverse its action, overruling the motion of a complainant to dismiss his bill of complaint.

This writ will not lie against judicial officers so as to control judicial discretion.

## *Petition for Mandamus.*

Benjamin F. Johnson filed his bill of complaint, in the circuit court of Washington county, against the administrators, widow and heirs at law, of Tandy K. Kidd, deceased, to redeem certain real estate therein mentioned, which he had mortgaged to the said Tandy K. Kidd, in his life-time. A portion of the defendants appeared and put in their answers. At a subsequent term, said complainant moved the court for leave to dismiss his bill of complaint, which the court refused to grant, for the reason that the new matter contained in the answer of the administrators constituted, of itself, a cross-bill.

GARLAND & NASH, for petitioner.

SEARLE, Special J.

The petitioner, in this case, brought his action in the Washington circuit court, on the chancery side thereof, to the August term, A. D. 1867.

To the bill of complaint, filed in the case, defendants answered, making certain allegations and praying for certain relief, and complainant replied to the answer. At this stage of the pleadings, at the August adjourned term, 1869, of said court, complainant made his motion to dismiss his bill of complaint, which was resisted by the defendants. The court overruled the motion, and complainant petitions this court for a writ of mandamus, &c. The power of this court to issue writs of mandamus, in proper cases, is provided for in section 4, article 7, of the Constitution of the State, and has been recognized and acted upon by this court in former decisions. That this power is to be exercised by this court, in accordance with the general principles and usages of the law, will not be doubted.

It is well established from the authorities, as general principles, that a mandamus will lie against both ministerial and judicial officers. Against the former, it compels the performance of specific acts; or when such officers have a discretion in the performance of their acts, it compels them to act without controlling their ministerial discretion. Against the latter it compels action simply, and will not control judicial discretion. *Moses on Mandamus*, p. 15; *Gunn v. Pulaski County*, 3 Ark., 427; *Brem v. Arkansas County Court*, 9 Ark., 240; *Conway, ex parte*, 4 Ark., 302; *Kennedy, ex parte*, 11 Ark., 599.

The only question that presents itself, in the consideration of this case, is, were the acts of the court below, in hearing and determining the motion to dismiss, ministerial or judicial? If the former, and the court below had no discretion in its action, this court might award the writ, to compel that court to dismiss, provided there was no other legal remedy. If the latter, this court could not grant the writ.

It seems to us that the mere statement of this case ought to carry conviction to the judicial mind that that court, in ruling upon the motion to dismiss, was not acting in a ministerial capacity, but in the exercise of its judicial functions, and in which exercise it used that judicial discretion belonging to all

judicial acts. In determining the motion to dismiss, that court was legally authorized to take into consideration the whole case as it stood upon the record. It is legally presumed that it did so; and, after having considered the whole case so presented, after having examined and deliberated upon the allegations of the bill and answer, it entered judgment upon the motion according to its findings.

But it is asserted, by petitioner's counsel, that the defendants' answer was in no sense a cross-bill, and that it called for no relief or answer; and that, therefore, the complainant had control over his own pleadings, and had a right to be dismissed. This may be true, but it is not the province of this court, upon this application, to go back of the judgment of the court below, upon the motion, to ascertain whether there was an error or not in its determination of the motion. If it acted erroneously, the complainant had another remedy clearly pointed out by the law.

This petition seems to be neither more nor less than an application to this court to reverse the judgment of the court below, in a matter clearly within its judicial discretion, and to order another judgment in its stead.

We are of opinion that the writ of mandamus ought not to be granted. The petition is dismissed.

Judge GREGG, being disqualified, did not sit in this case.

Hon. E. J. SEARLE, Special Supreme Judge.