# *Ex parte* South & North Ala. Railroad Company.

*Application for Mandamus to Circuit Court.*

1. *When mandamus lies.*—This court will not award a *mandamus*, when full relief can be had by appeal, writ of error, or otherwise.

2. *Same; in matter of amendments.*—The improper allowance of an amendment to the complaint, being revisable on error or appeal, is not a good ground for a *mandamus*; *secus*, as to the improper refusal to allow an amendment.

3. *Same.*—The past decisions of this court have carried the principle of interference by *mandamus* with the interlocutory orders and motions of inferior courts, quite as far as the court is willing to extend it; and the inclination of the court now is, rather to restrain, than to enlarge this jurisdiction.

APPLICATION by petition, on the part of the South and North Alabama Railroad Company, for a *mandamus* to the Hon. JOHN P. HUBBARD, presiding in the Circuit Court of Butler, commanding and requiring him to vacate an order made in term time, by which he allowed certain amendments to the complaint in an action pending in said court against the petitioner, and to the allowance of which a bill of exceptions was duly reserved by the petitioner.

S. F. RICE, for the petitioner.

CLOPTON, HERBERT & CHAMBERS, *contra*.

SOMERVILLE, J.—In this case, the petitioner seeks, by *mandamus*, to vacate an order of the Circuit Court of Butler county, granting certain amendments to the complaint, in a suit pending in that court, in which the petitioner was the de-

fendant, and the Planters' and Merchants' Insurance Company of Mobile was plaintiff. The respondent insists that the writ can not properly be resorted to, in order to correct such an error, even if the action of the lower court be conceded to be erroneous.

The principle is conceded, that the writ of *mandamus* will be granted, to prevent the failure of justice, only in cases where there is no other specific and adequate remedy, and to enforce a clear legal right.—High on Extr. Rem. § 10 ; *Murphy v. State, ex rel.*, 59 Ala. 639. We are of opinion that it will not lie in a case of this character. Where full and ample relief can be had by appeal, writ of error, or otherwise, courts will not, and should not, permit the functions of these every-day remedies to be usurped by *mandamus* The decisions of this court, though not entirely reconcilable, are numerous in support of this fundamental principle.

*Ex parte Putnam*, 20 Ala. 592, is a case directly in point. There, the plaintiff was permitted to amend a pending writ of attachment, by supplying the proper direction of the process to the correct officer. Conceding there was error, *mandamus* was held not to be the proper remedy to compel the Circuit Court to vacate or set aside the amendment. The reason assigned for this conclusion was, that, if the amendment was improperly allowed, it could be reviewed by writ of error, after the rendition of final judgment in the cause.

The case of *Ex parte Lawrence*, 34 Ala. 446, is not in conflict with this view. The Circuit Court there permitted the plaintiff to file an amended complaint, in one of a number of suits ; the case in question having been agreed on as a test case, under the express terms of a written agreement of the parties. This test case having been decided on appeal to this court, *mandamus* was awarded to enforce the agreement as to the other suits, the necessary effect of which was to vacate an amendment improperly allowed in violation of its provisions.

The ground upon which this remedy was allowed in *Hudson v. Daily*, 13 Ala. 722, and other like cases, to correct the erroneous quashing or refusing to quash an *ancillary* attachment, is expressly stated to be, that the judgment of the Circuit Court, in such cases, could not be corrected by writ of error.—See *Boraim v. Da Costa*, 4 Ala. 393.

So, it has been decided by this court, that *mandamus* will not lie, to compel the primary court to vacate an order suppressing a deposition (*Ex parte Elston*, 25 Ala. 72) ; nor the striking of a cause from the docket, on the ground that it had been discontinued by submission to arbitration (*Ex parte Garlington*, 26 Ala. 170). The manifest reason, and that

[Ex parte South & North Ala. R. R. Co.]

assigned by the court in these cases, is, that the remedy by appeal was complete and adequate. The principle is equally true, that resort can not be had to this extraordinary writ, so as to make it subserve the office of a mere plea in a pending suit; as in *Murphy v. State, ex rel. Egger,* 59 Ala. 639, where it was refused, to compel a sheriff to restore goods seized under a law claimed to be unconstitutional,—a plea in abatement fully answering the end sought.

In *Ex parte Elston, supra,* this court, we think, properly repudiated the idea that, at every step taken in the primary court, which a party supposes to be error, an appeal would lie to revise its action; and it was forcibly said: "Our primary courts would be embarrassed beyond endurance, and our terms would, in a great measure, be consumed in the argument of points raised upon the preliminary action of the inferior courts." Similar views have been expressed by a learned text-writer, who suggests that interference of this character, if tolerated, would "speedily absorb the entire time of the appellate tribunals, in revising and superintending the proceedings of inferior courts, and the [consequent] embarrassment and delay of litigation would soon become insupportable, were the jurisdiction by *mandamus* sustained in cases properly falling within the appellate powers of the higher courts."—High's Extra. Leg. Rem. §§ 177-180.

It is proper to add, that our past decisions have carried the principle of interference by *mandamus,* with the interlocutory orders and motions of inferior courts, quite as far as we are willing to extend it. One inclination is rather to restrain, than to enlarge such jurisdiction, as being more in harmony with the weight of authority and sound reasoning. *Ex parte Garland,* 42 Ala. 559, opinion of BYRD, J.; High's Extr. Leg. Rem. § 186.

It is not our intention to intimate, by these conclusions, that *mandamus* would not lie to compel the *allowance* of an amendment by an inferior court in a proper case. This would stand on a different basis from the case under consideration, as, without the benefit of such amendment, the plaintiff might be deprived of the power to put his case to the jury, and thus encounter much unnecessary embarrassment and delay.

The *mandamus* is refused, and the application dismissed at the costs of the petitioner.