[Southern Railway Company v. Walker & Minge *et al.*]

# Southern Railway Company *v.* Walker & Minge *et al.*

### *Mandamus to Compel Clerk of Circuit Court to State Cause on Docket.*

(Decided February 13, 1902.)

1. *Appeal from order overruling motion to require circuit clerk to state cause on docket; mandamus.*—Mandamus will not lie to compel the clerk of the circuit court to state on the docket of that court a cause which has been removed there by common law *certiorari*, and dismissed therein by plaintiff in vacation; the proper remedy being by motion in the circuit court to order and direct the clerk to state the cause on the docket, and, if the motion is denied, by appeal to the Supreme Court. (SHARPE, J., *dissents.*)

2. *Mandamus; when proper remedy.*—Mandamus can only be resorted to in the absence of other legal remedies, and can never be resorted to where the party seeking the same may obtain relief by appeal.

3. *Circuit Court; power to direct clerk as to statement of causes on docket.*—It is within the power and control of the circuit court (upon motion made to it for that purpose), to order and direct its clerk in regard to the statement of causes upon the docket in said court.

APPEAL from Marengo Circuit Court.
Heard before Hon. JOHN C. ANDERSON.
The opinion states all material facts.

GESNER WILLIAMS, for appellant, in support of the proposition that mandamus was the proper remedy, cited 4 Ala. 569, 393, 357.

No counsel appeared for appellee.

DOWDELL, J.—The appeal in this case is taken from the order of the judge refusing the petition of *mandamus.* It appears from the record that the appellees, Walker

& Minge, a partnership, recovered a judgment in the justice court against the appellant in an action commenced in that court by summons and complaint, and that the defendant, after judgment and execution issued thereon, filed and obtained a common law writ of *certiorari* removing the proceedings into the circuit court of Marengo county; that subsequent to the removal of the proceedings upon the writ of *certiorari,* the plaintiffs, Walker & Minge, made a motion in vacation to dismiss their cause of action then pending in the circuit court under the *certiorari* proceedings, and that the clerk of said court, acting on said motion, entered an order upon the docket granting the same and dismissing the suit. All this occurred prior to the Spring term 1900, of the circuit court of Marengo county. At the Fall term, 1900, of said court, the appellant, the Southern Railway Co., defendant in said action, made a motion in said court, to annul and set aside the order of the clerk of said court dismissing said cause and to require said clerk to state said cause upon the docket in said court. It appears further from the record that said motion was heard and considered by said circuit court and the same was denied. Thereupon the appellant, the Southern Railway Company, made application by petition in writing to the Hon. John C. Anderson, judge of said circuit court, for a writ of *mandamus* directing the clerk of said circuit court to state said cause upon the docket in said court, which application was refused by said John C. Anderson, circuit judge; and it is from this order refusing and denying the petition that the present appeal is prosecuted.

The writ of *mandamus* is an extraordinary remedy, and as a general rule can only be resorted to in the absence of other legal remedies, and can never be resorted to where the party seeking the same may obtain relief by an appeal. Again, it may be laid down as a universal rule, that all courts have control of their processes, and of their officers whose duty it is to issue process, or to perform other clerical duties in the administration of the law in said courts. We think there can be no doubt that it was clearly within the power and control of the circuit court, upon a motion made

[Savage *et al.* v. Smith.]

to the court by a party for the purpose, to order and direct its clerk in regard to the statement or causes upon the docket in said court. The motion that was made by the appellant here, before said court to require the clerk to put upon the docket the cause which had been by him dismissed in vacation, was the proper remedy, and upon a hearing of said motion, the denial of the same by the court was such a judgment as would support an appeal to this court. This motion having been heard and determined by the court and denied to the appellant, his remedy was by appeal, and not by petition, to the judge for a writ of *mandamus* to compel the clerk to do what the very judge to whom the writ is addressed, sitting as a court, had refused to order. It is clear to us, upon the record, that this is not a proper case for proceeding by *mandamus,* and the judge committed no error in denying said petition. The question as to whether the court committed an error in overruling the motion to require the clerk to state said cause upon the docket is not before us for consideration on this appeal, and, therefore, we express no opinion on the same.

Let the judgment be affirmed.

Sharpe, J., dissenting, is of the opinion that the petitioner is entitled to the remedy sought.