[No. 1486, September 9, 1912.]

THE STATE OF NEW MEXICO on the Relation of
JOHN A. SWEENEY, v. THE SECOND JUDICIAL
DISTRICT and HERBERT F. RAYNOLDS, Judge
Thereof.

## SYLLABUS (BY THE COURT).

1.   Mandamus will not lie where there is an adequate
remedy by appeal, or writ of error.

2.   Mandamus can only be resorted to when other rem-
edies fail.

Mandamus.

## STATEMENT OF FACTS.

The relator made a contract with H. D. Schuyler for
the sale of certain real estate, the consideration being the
transfer of a certificate of stock, which, it is alleged, Schuy-
ler represented to be of the value of $1,500 and the as-
sumption of a mortgage.

Relator avers that the stock was not owned by Schuyler
and that the representations made in regard to the value
of the shares were false and fraudulent.   Schuyler died
and a claim against his estate, based upon the foregoing
facts, was presented to and disallowed by the adminis-
tratrix, but subsequently allowed by the Probate Court
of Bernalillo County.   From this order of allowance an
appeal to the District Court was taken, where objection
was made on the ground of lack of jurisdiction in the
Probate Court to hear and determine a claim of this char-
acter.   The objection was sustained and the appeal dis-
missed for want of jurisdiction in the Probate Court to
pass upon the claim and consequent failure of jurisdiction
in the District Court to entertain the appeal.   A motion
to reinstate the cause and proceed to a hearing was over-
ruled and the relator brings this proceeding in mandamus,
praying that a writ of mandamus issue out of this court
commanding the District Court to grant the motion to
reinstate the cause, and set aside the order of dismissal

and proceed to a trial. An alternative writ of this court and rule to show cause was issued and served upon respondent, and an answer filed thereto.

## OPINION OF THE COURT.

HANNA, J.—The first and only question necessary for our determination is whether this court can review the action of the District Court of the Second Judicial District in ruling that it had no jurisdiction of the cause, and by a peremptory writ of mandamus compel that court to reinstate the cause and proceed to a trial thereof.

The following legislative enactments upon the subject of mandamus are to be found in the Comp. Laws of 1897, viz:

"Sec. 2761. It may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust and station; but though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion."

"Sec. 2762. The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. It shall issue on the information of the party beneficially interested."

By the terms of sec. 2771, Comp. Laws of 1897, the Supreme Court is given exclusive original jurisdiction where the writ is to be directed to a district court or a judge thereof in his official capacity. This jurisdiction, however, is necessarily limited by the provisions of the sections first quoted, and this court, therefore, could not control the judicial discretion of the District Court, or assert its jurisdiction where there is a plain, speedy and adequate remedy in the ordinary course of law.

It has been said that: "In every court of general jurisdiction there resides authority which is not strictly defined or limited by fixed rules of law, but which must be exercised in order to justly vindicate substantive rights, properly framed issues, and duly conduct trial. This authority may be said, in a general way, to be the power of

the judge to rule and decide as his best judgment and sound discretion dictate.

"The term 'judicial discretion' is usually employed as designating the power mentioned." Alexander v. Smith, 20 Tex. Civil App. 304. See John ex parte, 25 Ark. 614.

While we are of the opinion that the District Court was in the exercise of an act of judicial discretion when passing upon the question of its jurisdiction, we need not stand upon that ground alone, but will consider the question of the existence of a plain, speedy or adequate remedy in the ordinary course of law.

We find it laid down in Cyc. vol. 26, p. 173, that "mandamus will not lie where there is an adequate remedy by appeal or by writ of error."

This principle is more fully dealt with in an opinion by Justice Clifford in Ex parte Newman, 14 Wall. page 165, from which we quote, as follows:

"Applications for a mandamus to a subordinate court are warranted by the principles and usages of law in cases where the subordinate court, having jurisdiction of a case, refuses to hear and decide the controversy, or where such a court, having heard the cause, refuses to render judgment or enter a decree in the case, but the principles and usages of law do not warrant the use of the writ to reexamine a judgment or decree of a subordinate court in any case, nor will the writ be issued to direct what judgment or decree such a court shall render in any pending case, nor will the writ be issued in any case if the party aggrieved may have a remedy by writ of error or appeal, as the only office of the writ when issued to a subordinate court is to direct the performance of a ministerial act or to command the court to act in a case where the court has jurisdiction and refuses to act, but the supervisory court will never prescribe what the decision of the subordinate court shall be, nor will the supervisory court interfere in any way to control the judgment or discretion of the subordinate court in disposing of the controversy."

It also seems to be undisputed that mandamus can only be resorted to when other remedies fail. It is an extraordinary writ, and should only be used on extraordinary occasions. Ex parte, Conn. Mut. Life Ins. Co., 131 U. S. 26, L. Ed. 561. See also So. Ry. Co. v. Walker, 132 Ala. 62.

We concede that, in a proper case, mandamus will lie to compel a district court to proceed and try a cause when it refuses to do so because of an erroneous belief that it is without jurisdiction, but this remedy is not available where there is a plain, speedy and adequate remedy to accomplish the same purpose.

In the case of State ex rel Krich v. District Court, 100 N. W., p. 248, it is said: "If the court decided erroneously, this was an error in the exercise of its jurisdiction, to be corrected on appeal. It cannot be compelled to reverse the decision on mandamus." Ex parte Railway Co. 103 U. S. 794. People v. The Judges, etc., 20 Wend. 658. It has also been held that, "after a case has proceeded to the filing of a declaration and a plea to the jurisdiction, or its equivalent, and a judgment is rendered in favor of the plea, and a consequent dismissal of the action, the plaintiff is confined to his remedy by writ of error, and cannot have a mandamus. Ex parte Penn. Co., 137 U. S. 451.

A distinction has frequently been made between a refusal to take jurisdiction ab initio and a determination that there is no jurisdiction, it being held that where the court has acted and judicially determined that it has no jurisdiction, its determination cannot be reviewed by mandamus proceedings, appeal or writ of error being the proper remedy. People v. Garnett, 130 Ill. 340, 23 N. E. 331; State v. Smith, 105 Mo. 6, 16 S. W. 1052; In re Key, 189 U. S. 84; Ex parte B. & O. R. R. Co., 108 U. S. 566.

The authorities passing upon this question are not entirely clear or uniform in their holdings, but we believe the correct rule is laid down in High's Extr. Legal Rem. 3rd Ed., secs. 191 and 247, that the writ "will not lie to compel subordinate courts to reinstate appeals which they have dismissed."

Therefore the rule is discharged and the petition dismissed.

### SYLLABUS (BY THE COURT).

