(96 South. 884)

JOHNSON v. WESTINGHOUSE, CHURCH, KERR & CO. (8 Div. 539.)

(Supreme Court of Alabama. June 21, 1923.)

1. Appeal and error ⊂⊐76(2)—Order overruling motion to enter judgment by agreement not a final appealable judgment; "final judgment."

An appeal from an order overruling a motion to enter judgment by agreement will be dismissed in view of Code 1907, §§ 2837, 2841–2843, the order not constituting a "final judgment" terminating the suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Mandamus ⊂⊐4(1) — Not available where remedy by appeal or error exists.

Mandamus will not lie when there is a remedy by appeal or writ of error.

3. Mandamus ⊂⊐4(3)—When proper to review ruling from which no appeal allowed stated.

Mandamus will not be granted to review the ruling or order of a court from which no appeal is allowed, unless the order or ruling be such, if error, that a review on appeal after final judgment could not afford an adequate remedy.

4. Mandamus ⊂⊐4(3)—Improper to review order overruling motion to enter judgment by agreement reviewable on appeal from final judgment.

Mandamus does not lie to review a nonappealable order overruling a motion to enter judgment by agreement, since such order may be reviewed by the Supreme Court on appeal after final judgment, whereby an adequate remedy is afforded.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Action for damages by John W. Johnson, as administrator of the estate of J. S. Turner, against Westinghouse, Church, Kerr & Co. From an order overruling motion to enter judgment by agreement, plaintiff appeals and applies for a writ of mandamus. Appeal dismissed and writ denied.

R. P. Coleman, of Montgomery, for appellant.

The motion for a compromise judgment was a proper one, and should have been granted. 23 Cyc. 768. The order was such

---

as to support an appeal. Code 1907, § 2837; Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939; Sayre v. Weil, 94 Ala. 466, 10 South. 546, 15 L. R. A. 544; Le Bron v. Morris & Co., 110 Ala. 115, 20 South. 57; 3 C. J. 245; Marian Coal Co. v. Peale, 204 Fed. 161, 122 C. C. A. 397; Potter v. Beal, 50 Fed. 860, 2 C. C. A. 60; Laughlin v. U. S. School Fur. Co., 118 Ill. 236; Zimmerman Mfg. Co. v. Pugh (Ala.) 39 South. 989. If appellant has a legal right and no legal remedy, mandamus will lie. State ex rel. Nabor's Heirs, 7 Ala. 459; Ex parte Lawrence, 34 Ala. 446; Ex parte Cole, 28 Ala. 50; Ex parte Robbins, 29 Ala. 71; 16 Eng. R. C. 782; Ex parte Merritt, 142 Ala. 115, 38 South. 183; Ex parte State, ex rel. Stow, 51 Ala. 69.

Andrews & Peach, of Sheffield, for appellee.

The judgment from which the appeal is taken is not final, and no appeal will lie. Code 1907, § 2837; Acts 1915, p. 137; 2 Bouvier's Law Dict. 719; Elliott v. Mayfield, 3 Ala. 223; 3 C. J. 441. Mandamus will not issue to define the manner of exercising discretion. Mobile v. Board, 180 Ala. 489, 61 South. 368; Ex parte Campbell, 130 Ala. 171, 30 South. 385; Ducourneau v. Langan, 149 Ala. 647, 43 South. 187.

MILLER, J. This is a suit by John W. Johnson, as administrator of the estate of J. S. Turner, deceased, against the Westinghouse, Church, Kerr & Co., a corporation, for damages for the death of plaintiff's intestate while working for and in the employment of the defendant in the construction work at United States Nitrate Plant No. 2 at Muscle Shoals. This suit was filed on September 29, 1919, and on the 31st of October, 1919, the defendant filed plea in the cause. On August 22, 1922, the attorney for the plaintiff filed written motion therein stating:

"Comes the plaintiff and moves the court to enter judgment by agreement for the plaintiff in the above-styled cause for $3,250, and supports said motion with the following facts."

Then follows a separate statement of facts or grounds on which plaintiff bases his right to the judgment for $3,250.

The court, on the hearing of the motion and the evidence for and against it, entered a judgment overruling it. From this judgment the plaintiff, appellant, prosecutes this appeal.

The appellee, defendant, moves to dismiss the appeal, because the judgment is not a final judgment, and because no appeal will lie from such a judgment to this court.

The court in the minutes states the motion was submitted, and sets out the motion in full and follows it with this judgment, from which this appeal is prosecuted:

"And said motion being submitted to the court with the evidence in support thereof and

209 ALA.—43

said motion being heard and understood by the court, it is ordered, considered, and adjudged by the court that said motion be and the same is by the court overruled, to which action of the court in overruling said motion the movant then and there duly excepted."

[1] This is not a final judgment in the case, no merits of the cause are settled by it, and the cause is still pending in the court below under the complaint and plea filed to it. The case is not dismissed by the court; the judgment does not put an end to the suit. It is not an interlocutory order or judgment of the court from which the statute authorizes an appeal to be taken to this court. The motion of appellee to dismiss the appeal must and will be granted. Sections 2837, 2841, 2842, and 2843, Code 1907; Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 South. 427; Martin v. Ala. Power Co., 208 Ala. 212, 94 South. 76.

The appellant files with the record petition for mandamus, and the cause was submitted on merits and motion for writ of mandamus. The appellant makes application to this court for appropriate writ commanding and requiring the judge of the circuit court of Colbert county "to enter or cause to be entered by the clerk of the court of said county a judgment of said court in favor of your petitioner and against the defendant, Westinghouse, Church, Kerr & Co., Inc., for the sum of $3,250," or "to appear before this court on a day to be fixed by the court to show, if he can, why a peremptory writ of mandamus or other appropriate writ or process should not issue against him, commanding and requiring him to enter or cause to be entered a judgment for petitioner for $3,250," etc.

[2-4] This motion for a judgment against the defendant and the ruling by the court on it, from the testimony, involved a judicial duty and determination. The court considered the evidence and exercised its judicial duty, and after considering the testimony, the court rendered a judgment overruling the motion of appellant. Will this court review by writ of mandamus this judicial act in refusing the motion to render judgment in favor of the plaintiff and against the defendant for $3,250? The general rule is that "mandamus will not lie when there is a remedy by appeal or writ of error." 26 Cyc. p. 173, E; Ex parte Campbell et al., 130 Ala. 183, 30 South. 385. Mandamus will not be granted for the purpose of reviewing the ruling or order of a court, from which no appeal is allowed, unless the order or ruling of the court be such, if error, that a review on appeal after final judgment could not give an adequate remedy. The plaintiff after final judgment, if adverse to him, can have this ruling or order on this motion and this question reviewed by this court on appeal; and if he was in any way injured improperly

thereby, it can be corrected and fully remedied on appeal after the final judgment in the cause. His remedy from this ruling is adequate by appeal after final judgment.

This being true, his remedy is not by mandamus, but by appeal from the final judgment, if adverse to him. His rights will not be prejudiced or injured by this ruling of the court, by requiring him to wait for final judgment in the case before seeking relief from it, and review of it in this case. 26 Cyc. p. 177, E, and Alabama authorities there cited; Southern Ry. Co. v. Walker, 132 Ala. 62, h/n. 2, 31 South. 487; Ex parte South & North R. R. Co., 65 Ala. 599; Ex parte Elston, 25 Ala. 72; First Nat. Bk. v. Cheney, 120 Ala. 117, 23 South. 733.

The appeal is dismissed, and the writ of mandamus is denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.