SIEGEL, Appellant, v. SHRIVER-JOHNSON COMPANY,
Respondent.

(208 N. W. 773.)

(File No. 5677.   Opinion filed April 16, 1926.)

**Dismissal and Nonsuit.**

> Where no counterclaim is filed by defendant and there is no
> special reason why dismissal should not be permitted, plaintiff
> may dismiss action without prejudice.

Note.—See, Headnote, American Key-Numbered Digest, Dismissal and nonsuit, Key-No. 12, 18 C. J. Sec. 31.

Appeal from Municipal Court of Sioux Falls; Hon. RANSOM L. GIBBS, Judge.

Action by S. M. Siegel, sole trader as S. M. Siegel Sweater Mills, against the Shriver-Johnson Company.   From judgment dismissing action on its merits, plaintiff appeals.   Reversed.

*Albert J. Keith* and *Eugene C. Mahoney,* both of Sioux Falls, for Appellant.

*Muller & Conway,* of Sioux Falls, for Respondent.

DILLON, J.   This appeal is from an order of the municipal court of Sioux Falls, this state, dismissing the above-entitled action upon its merits.

This action was commenced by the service of summons and complaint upon defendant.   The complaint alleged that plaintiff had sold to defendant merchandise of the value of $267, that only $104 of said sum had been paid, and asked judgment for the balance of $163, together with interest at 7 per cent. thereon from and after November 2, 1922.   Defendant answered by a general denial, but admitted the allegation that defendant is a corporation organized and existing according to law.   On December 5, 1923, defendant's attorneys served notice of trial and note of issue upon plaintiff's attorneys.   Plaintiff's attorneys failed to serve any notice of trial or note of issue.   The action came on for trial at the regular January, 1924, term of said court, was continued over the January and February term, and called for trial on March 19, 1924.   Plaintiff's attorneys then stated that plaintiff was not ready for trial at that time, and asked that the action be dismissed without prejudice.   Defendant's attorneys ob-

jected to this motion, and demanded that the action be tried or dismissed upon its merits. The lower court ordered the action dismissed upon its merits, and it is from this order that plaintiff is appealing.

Appellant alleges error in the refusal of the trial court to dismiss the action without prejudice, upon defendant's cost and disbursements being paid. Respondent contends that he had the absolute right to a trial of the case or a dismissal of the action upon its merits; that since appellant had failed to serve a notice of trial or note of issue, he had lost control of the action.

We think respondent's contentions are entirely without merit. No counterclaim was interposed by respondent; his substantial rights could in no way be affected, since appellant offered to pay for all his costs. Deere & Webber Co. v. Hinckley, 106 N. W. 138, 20 S. D. 359:

"It may be stated as a general rule that a plaintiff has an absolute right to dismiss an action, where no counterclaim has been interposed and there exists no special reasons why the dismissal of the action should not be permitted. Schaetzel v. City of Huron (White, Intervener), 60 N. W. 741, 6 S. D. 134; Cooke v. McQuarters, 103 N. W. 385, 19 S. D. 361."

The judgment of the lower court is reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.