188 So. 891

## Ex parte HARTWELL.

### I Div. 52.

Supreme Court of Alabama.

May 4, 1939.

Rehearing Denied May 25, 1939.

Harsh, Harsh & Hare, of Birmingham, and M. F. Dozier and Winston F. Groom, both of Mobile, for petitioner.

Smith & Johnston, of Mobile, for respondents.

THOMAS, Justice.

The facts in the case are simple. The petitioner, as an elector of the County of Mobile and a resident of the City of Mobile, filed a contest of the election of the respondent Taylor to the office of City Commissioner of the City of Mobile, under the statutes governing election contests—section 545 et seq., Code 1923.

After the trial had proceeded for months. and the parties had closed their evidence in chief, the contestant moved the trial court for a dismissal of his contest without a ruling on the merits. This motion the court refused, upon objection by the contestee. Upon the petition for mandamus filed herein, this Court issued its rule nisi to the respondent, as the judge sitting in said cause, to show cause why the writ of man-

damus should not issue, as prayed for in the petition; said Taylor, the contestee in the case below, being made a party to the petition. Each of the respondents has filed separate demurrer to the petition for mandamus.

The presiding judge and his counsel insist that the petition for writ of mandamus should be refused, because petitioner has an adequate remedy by appeal from the final judgment of the case, when rendered. Many cases from this and other jurisdictions are cited. Ex parte Rowland, 26 Ala. 133; Ex parte Elston, 25 Ala. 72; White v. Nance, 16 Ala. 345; Ex parte Wright, 225 Ala. 220, 142 So. 672; Johnson v. Westinghouse Church, Kerr & Co., 209 Ala. 672, 96 So. 884; Southern Ry. Co. v. Walker, 132 Ala. 62, 31 So. 487; Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U.S. 702, 3 S.Ct. 594, 27 L.Ed. 1081; Ex parte Johnson, 25 Ark. 614.

It is further insisted that the instant petition shows that petitioner has not been injured by the action of the trial court in declining to grant the motion to dismiss the contest without a ruling on the merits, when all the evidence on direct and cross examination was before the court. Pearson v. Alverson, 160 Ala. 265, 49 So. 756; Black v. Pate, 130 Ala. 514, 30 So. 434; White v. Nance, supra.

The demurrer filed by each of the respondents raises the point that the action of the trial court in refusing to grant the motion to dismiss may be reviewed on appeal from the final judgment entered in the case. That is, the petitioner had an adequate remedy by appeal when the case was finally decided on the merits.

In White v. Nance, 16 Ala. 345, the case was that plaintiff during the trial moved the court to dismiss; motion was refused; the cause proceeded to a final judgment from which an appeal was taken and decided by this Court. The Court passed upon the refusal of the lower court to grant the motion to dismiss, and held that no injury resulted from the failure to dismiss, as the same result was the effect of final judgment rendered.

In the case of Ex parte Johnson, 25 Ark. 614, 615, the Supreme Court of Arkansas held: "A writ of mandamus will not lie to compel the circuit court to reverse its action, overruling a motion of a complainant to dismiss his bill of complaint."

The Court said: "But it is asserted, by petitioner's counsel, that the defendants' answer was in no sense a cross-bill and that it called for no relief or answer; and that, therefore, the complainant had control over his own pleadings, and had a right to be dismissed. This may be true, but it is not the province of this court, upon this application, to go back of the judgment of the court below, upon the motion, to ascertain whether there was an error or not in its determination of the motion. *If it acted erroneously, the complainant had another remedy clearly pointed out by the law.*" [Italics supplied.]

In Ex parte Rowland, 26 Ala. 133, this Court denied a petition for mandamus to compel the chancellor to dismiss a cause on a motion, in pursuance of a written agreement between the parties to that effect. This Court entered a per curiam decision refusing the motion for the rule nisi and cited as authority therefor Ex parte Elston, 25 Ala. 72; Ex parte Small, 25 Ala. 74 (discharge on bail); Ex parte City Council of Montgomery, 24 Ala. 98 (dissolution of injunction on answer). The reason for this Court's refusing to control the action of the lower court where the matter complained of is revisable on appeal, where the petitioner has an adequate remedy by appeal, is well expressed in the case of Ex parte Elston, 25 Ala. 72. There a petition was filed for mandamus in the Supreme Court to compel the circuit court *to vacate an order suppressing a deposition.* The Court in that case said: "The motion cannot be granted. It is true, this court has a general superintendence and control over inferior tribunals; and it may be that the court committed an error in suppressing the depositions—a point which we do not now decide; yet we should be sorry if, at every step taken in a cause in the primary court, which a party supposes to be incorrect, an appeal would lie to this court to revise its action. Our primary courts would be embarrassed beyond endurance, and our own terms would, in a great measure, be consumed in the argument of points raised upon the preliminary action of the inferior courts. The office of a mandamus is too well settled in the case of Edward Henry Ex parte, at this term (24 Ala. 638) and Ex parte The City Council of Montgomery, 24 Ala. 98, to require further illustration. These cases show, that the case presented is not one which justifies the interposition of this court. The court below has not refused to act—has not repudiated its jurisdiction—

but has, it is alleged, committed an error which is injurious to the petitioner. This error, if it be one, can' be revised on appeal, when the cause shall have been finally disposed of; * * *."

The case of Ex parte City Council of Montgomery, 24 Ala. 98, is referred to in the Elston opinion. In that case, which has never been overruled, the Court said: "If every order of continuance, every refusal to grant new trials, and the numerous interlocutory orders which are made in causes, both at law and in equity, from their inception to their final termination, could each be made distinct subject-matter for an appeal to this court, at the hazard of a heavy bill of costs, this court would become an intolerable grievance, and there would be no end to the litigation to which a cause requiring a great number of such orders might be subjected."

 These cases, from which we have quoted above, have not been departed from. In Ex parte Jackson, 212 Ala. 496, 103 So. 558, the early and recent authorities are collected which support the propositions that (1) mandamus will not be granted for the mere purpose of review; (2) mandamus is employed to prevent failure of justice or irreparable injury, when clear legal right exists and there is no other adequate remedy. Ex parte Wright, 225 Ala. 220, 142 So. 672; Southern Ry. Co. v. Walker & Minge et al., 132 Ala. 62, 31 So. 487; Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884.

In 4 A.L.R. 632, under the annotation "Inadequacy of remedy by appeal 'or writ of error as affecting right to mandamus to inferior court," the cases from this and other jurisdictions are collected. It is there said:

"In Ingram v. Alabama Power Co., 1917, 201 Ala. 13, 75 So. 304, the court said: 'It has been definitely settled by this court that the proper and appropriate practice is to appeal from orders, judgments, or decrees which deny or refuse applications for rehearing made under the four-months' statute, because such order or judgment is final, disposing of the application and the judgment sought to be set aside; but, if the application to set aside the judgment and grant a rehearing is erroneously made, the order is not final, because it does not ·dispose of the case, but restores it to the docket for a new trial.

In such case there is no judgment to support an appeal, and hence errors (if such· have intervened) could not be reviewed or·corrected on appeal. This being true, the proper and appropriate practice and remedy are by mandamus to compel annulment of improper orders, and restoration of the judgment or decree erroneously set aside, thus preventing a rehearing or a new trial.'

"So, in First Nat. Bank v. Cheney, 1898, 120 Ala. 117, 23 So. 733, the court said: 'The case comes before the court, primarily, on an application for a mandamus to compel the· judge of the city court of Anniston to enter an order dismissing a suit commenced in that court by A. D. Cheney against the First National Bank of Anniston, and to vacate an order which had been entered, overruling a motion for a dismissal. At the time of the commencement of the suit, Cheney was a nonresident of the state, and failed to give security for the costs of suit. If the neglect to give the security required the dismissal of the suit, mandamus is an appropriate remedy to compel it; though on appeal, after final judgment against the defendant, the refusal to dismiss, if properly presented, would be error available to reverse the judgment. As a general rule, it is true that mandamus will not be granted for the correction of an error arising in the progress of a suit, which can be revised on appeal after final judgment. Ex parte Elston, 1854, 25 Ala. 72. But the appeal must be an adequate remedy. It must be capable of protecting parties from the injury immediately resulting from the error of the court. Merrill, Mandamus, § 201. While the error in refusing a dismissal for want of security for costs may be available on error for the reversal of a judgment, obviously an appeal is not an adequate remedy. The citizen is compelled into litigation with a nonresident, pending the further continuance of the suit and the appeal, without indemnity against the costs,—the evil the statute intends to avoid. Hence, it has been the uniform course of decision that mandamus is an appropriate remedy to compel the dismissal of such suit. Ex parte Cole, 1856, 28 Ala. 50; Ex parte Robbins, 1856, 29 Ala. 71; Ex parte Morgan, 1857, 30 Ala. 51.' And in Ex parte Watters, 1913, 180 Ala. 523, 61 So. 904, the court said: 'When it is sought to review ·and correct such rulings by mandamus, the proceeding is merely an emergen-

cy substitute for an appeal, and in fact accomplishes with greater expedition the same result, viz., the correction of judicial error. No reason can be suggested why such judicial action can be reviewed on appeal only upon a bill of exceptions, and yet on mandamus may be reviewed upon the ex parte recitals of a mere petition. And, indeed, it has been expressly held that, upon a mandamus petition to review the alleged erroneous judicial action of an inferior court, the petitioner must reserve a bill of exceptions, in the absence of which the case is not properly presented for the consideration of this court, even though the respondent admit by his answer the verity of the facts recited. Ex parte Smith, 1881, 69 Ala. 528; followed in Ex parte Blalock, 1896, 115 Ala. 692, 22 So. 998.' " .

■ As conclusive of the proposition that the petitioner has an adequate remedy by appeal, we refer to the cases cited below. In each of these cases the plaintiff moved for a nonsuit or a dismissal of his action, the same was denied by the trial court, and the cause proceeded to final judgment on the merits. The appellate court on each appeal from such final judgment reviewed the action of the trial court, in some instances affirming the court, and in other instances, reversing it. The cases in this and other jurisdictions are: Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U.S. 702, 3 S.Ct. 594, 27 L.Ed. 1081; Inman & Co. v. Hodges, 80 S.C. 455, 61 S.E. 958; Andrews v. French et al., 17 N.M. 615, 131 P. 996; In re Howard's Estate, 128 Mo.App. 482, 106 S.W. 116; Feinberg v. Feinberg, 140 App.Div. 924, 125 N.Y.S. 384; Kruger v. Persons et al., 52 App.Div. 50, 64 N.Y.S. 841; Barnes v. Noel, 131 Tenn. 126, 174 S.W. 276; Nevada & M. R. Co. v. De Lissa, 103 Mo. 125, 15 S.W. 366; Southern Cotton Oil Co. v. S. Breen & Co., 171 N.C. 51, 87 S.E. 938; Dannelly v. Jeffery et al., Tex.Civ.App., 283 S.W. 351; Odum et al. v. Peeler, Tex. Civ.App., 278 S.W. 884; Siegel v. Shriver-Johnson Co., 50 S.D. 93, 208 N.W. 773; White v. Nance, 16 Ala. 345, and other Alabama cases cited above—the reasons assigned being that the action of the trial court did or did not affect prejudicially the defendant.

What then is the effect on the petitioner of the action of the trial court in declining to grant petitioner's motion to dismiss his contest?

■ The statute prescribes that the contest must be commenced within twenty days after the result of that election has been declared. Code 1923, §§ 545, 552. This provision has been held to be jurisdictional. Pearson v. Alverson, 160 Ala. 265, 49 So. 756; Groom v. Taylor, 235 Ala. 247, 251, 178 So. 33; Black v. Pate, 130 Ala. 514, 30 So. 434.

Had the court below granted petitioner's motion to dismiss, said judgment would have been beyond the time for a contest of that election, and petitioner could not have instituted another contest. Code 1923, § 545. It results that petitioner was without injury whether or not the judgment was one of dismissal without decision on the merits. Hence the mandamus, if granted, would not benefit petitioner. White v. Nance, 16 Ala. 345. That is to say, in this case, mandamus is not the remedy to review the action of the presiding judge, since petitioner has an adequate remedy by appeal, when the action of the trial judge would be reviewed. Petitioner has not been injured as a result of the action of the trial judge in declining his motion to dismiss. First National Bank v. Cheney, 120 Ala. 117, 23 So. 733. The awarding of the writ prayed for would not avail anything to petitioner's benefit as a contestor of the election. Code, §§ 545, 552.

We may further observe that there was no arbitrary action on the part of the trial judge, under the facts disclosed, in that the people of Mobile were third parties at interest in the contest of said election to determine who was to serve as a city commissioner.

From McCrary on Elections (4th Ed.), § 454, p. 333, we quote the following: "*A contested election case, whatever the form of the proceeding may be, is in its essence a proceeding in which the people—* the constituency—*are primarily and principally interested. It is not a suit for the adjudication and settlement of private rights simply.* It follows that the parties to the record can not, by stipulation or otherwise, discontinue or compromise a case of this character without the consent and approval of the court or tribunal trying it. Nor should such consent ever be given, unless the Court giving it is sufficiently advised to be able to say that it is for the interest of the public to do so." Mann v. Cassidy, 1 Brewst, Pa., 11, 43; People v. Holden, 28 Cal. 139.

Since the contest may be instituted only by a qualified elector, and the relief is in favor only of the candidate receiving the highest number of legal votes, the proceeding in its highest sense is one in which the public is interested, as it is for the public good. Black v. Pate, supra; Pearson v. Alverson, supra; 20 Corpus Juris, 258.

Analogy is to be found in the wise observations contained in the decision in Tuscaloosa Scientific and Art Association v. State ex rel. A. O. Murphy, 58 Ala. 54 [61], where the court, speaking through Mr. Justice Stone, in a proceeding to vacate a charter, said: "We have said above that the public have an interest in private corporations. They have an interest in such corporations, because they affect the moral and economic conditions of society. These are the considerations on which the franchise is granted or withheld, and they control in the matter of revoking the privilege for misuser. Hence, although private individuals, having no special or peculiar interest, may institute proceedings for their dissolution, such proceedings are more than a private suit. They are brought in the name of the State, although when they are founded on the information of an informer, he must be joined as plaintiff with the State.—Code of 1876, §§ 3419—20, 3425. And in all cases of conviction, whether the proceeding be set on foot in the name of the State alone, or at the instance of an informer, the solicitor is entitled to a fee. See Fees of Solicitors, § 5047, Code of 1876. This shows that such proceedings are conducted in the interest of the State, no matter how instituted. The relator, in such case, can neither confess errors, nor dismiss the suit, without leave of the court before which it is pending."

The above observation has application to the contest of elections to public office, such offices being designed to serve the people justly, and by agents of their selection as prescribed in the Constitution and statutes, in the due exercise of a public privilege which the legislature has regulated in respects not prohibited by the organic law. Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845.

It results from the foregoing that mandamus in this case is denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.